43577. HORTON et al. v. NICHOLS, Administrator.

SUBMITTED APRIL 2, 1968—DECIDED MAY 7, 1968.

*Shaw, Stolz & Fletcher, Irwin W. Stolz, Jr.,* for appellants.
*Frank M. Gleason,* for appellee.

QUILLIAN, Judge. ■ Enumeration of error 1 complains that the trial judge erred in overruling the general demurrer to the petition. With this contention we cannot agree. *Code* § 105-401 provides: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Under the facts alleged in the petition it cannot be held as a matter of law that the defendants were not aware of the alleged dangerous

conditions that existed. Also, the allegations did not establish that the deceased failed to exercise ordinary care for her own safety, because the petition alleged it was impossible to determine whether the floor was slippery or not from looking at it. Under many decisions of this court the allegations presented a question for the jury. *Choate v. Carter,* 98 Ga. App. 375 (105 SE2d 909); *Findley v. Lipsitz,* 106 Ga. App. 24 (126 SE2d 299); *Smith v. 670 New Street, Inc.,* 111 Ga. App. 35, 38 (140 SE2d 495).

■ The remaining question for determination is whether the trial judge was correct in denying the motion for summary judgment.

In support of the defendants' motion for summary judgment several affidavits and interrogatories, together with the answers thereto, were introduced. The appellants contend that this evidence showed in part that: (1) The floor of the kitchen was not slippery; (2) the rug was of ample size and thickness so as not to be flimsy as alleged; (3) the coloration of the rug was such that it was readily visible to anyone walking in or out of the kitchen; (4) the deceased had worked for the defendants for more than a year and the rug had been on the floor for approximately six months; (5) the deceased had been in the defendants' home for several hours on the date in question and had prepared the noon meal; (6) the deceased had actual knowledge of the presence of the rug.

In opposition to the motion the plaintiff introduced several affidavits which stated that the deceased had related the facts as to how she received her injury. The facts stated in the affidavits were substantially the same as the allegations of the petition in regard to the condition of the floor, rug and the circumstances under which the deceased fell. There was an additional statement that the deceased was 74 years of age, her eyesight was not good and that she could not tell what the condition of the floor was by looking at it.

The appellant contends that much of the evidence offered by the plaintiff was hearsay. The evidence submitted establishes that there were no witnesses to the alleged fall except the deceased. Under the holding in *Moore v. Atlanta Transit System,*

105 Ga. App. 70 (2) (123 SE2d 693), the statements made by the deceased to the affiants were admissible.

Construing the evidence adduced in the form of affidavits, etc., most strongly against movant there was an issue as to material facts and the enumeration of error is without merit.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*