212

45011. JOHNSON v. FRAZIER.45011. JOHNSON v. FRAZIER.

EVANS, Judge. This is a suit for labor and materials furnished in the repair of a dwelling in the City of Atlanta, asking for a general judgment and a special lien by reason of a lien filed against the real property. The defendant denied the allegations and claimed: (1) no claim for relief can be granted; (2) an accord and satisfaction; (3) the action having been brought more than 12 months after the filing of the purported lien, it is barred; (4) estoppel by another suit filed by and between the parties; (5) the failure to obtain a work permit voided the contract; (6) a failure of consideration; and (7) a counterclaim seeking (a) damages to the property for negligent performance, (b) failure to perform a subsequent repair contract in a named sum; (c) and a refund of all sums paid by reason of the void contracts. On motion for summary judgment filed by the defendant in which a certified copy of a portion of the City Code of Atlanta was attached requiring a formal application and issuance of a building permit before any repairs are begun; an affidavit by the Building Inspector of the City of Atlanta and deputy in the office issuing building permits who stated he made a diligent search of the official records and "ascertained of his personal knowledge that no record entry of any permit was found by the plaintiff to perform any work on the premises during the calendar year 1967." He further deposed that he inspected the premises and found: "said repair work and improvements did not appear to have been completed in that the floor and trim of the front porch of said premises and the window ledge had not been painted; the dining room floor had not been finished or replaced and the floor furnace had not been replaced according to the contract attached to his affidavit." The defendant also filed an affidavit stating she had paid the plaintiff in full a stated sum; but that the work was incomplete, and that the plaintiff failed to (1) replace the floor damaged by fire; (2) replace the floor furnace completely, and (3) paint the smoke-damaged exterior. The plaintiff filed an affidavit with certain exhibits attached in the court on September 15, 1969, as shown by the record. However, it appears also that the hearing was held on the 19th of September, and that no service of the affidavit by the respondent

had been made on the movant. The court excluded the affidavit as being untimely filed, granted the motion, dismissed the complaint of the plaintiff with prejudice, and awarded the defendant $950 under Count 2 of her counterclaim, and $2,428.98 pursuant to Count 3. The appeal is from this judgment. *Held:*

1. It is discretionary with the trial court as to whether he shall consider opposing affidavits not served on the opposite party in accordance with *Code Ann.* §§ 81A-106(d) and 81A-156(c) (Ga. L. 1966, pp. 609, 617, 660; 1967, pp. 226, 229, 230, 238). See *Simmons v. State Farm Mut. Auto. Ins. Co.*, 111 Ga. App. 738 (143 SE2d 55); *Harrington v. Frye*, 116 Ga. App. 755 (159 SE2d 84). Compare *Malone v. Ottinger*, 118 Ga. App. 778 (3) (165 SE2d 660). Accordingly, the court did not err in refusing to consider the appellant's affidavit not served on counsel until the day of the hearing.

2. A motion for summary judgment should be denied when the pleadings and the evidence reveal there is a genuine issue as to any material fact. It must be shown that the moving party is entitled to a judgment as a matter of law. *Bagley v. Firestone Tire &c. Co.*, 104 Ga. App. 736 (123 SE2d 179); *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442); *International Brotherhood v. Newman*, 116 Ga. App. 590, 592 (158 SE2d 298); *Horton v. Nichols*, 117 Ga. App. 748 (162 SE2d 208).

3. If the contracts, in fact, be void as against public policy, or merely that no action can be maintained growing out of an illegal transaction, whether malum prohibitum or malum in se, whenever it is ascertained, the law denies the aid of the courts to enforce them. See *Code Ch.* 20-5; *Howell v. Fountain*, 3 Ga. 176 (46 AD 415); *Jones v. Dinkins*, 209 Ga. 808, 809 (76 SE2d 489) and citations. But the same may be severable so that the entire contract not be void but merely unenforceable as to "that which is illegal." See *Padgett v. Silver Lake Park Corp.*, 168 Ga. 759 (149 SE 180); s. c. 40 Ga. App. 199 (149 SE 179).

4. Generally rescission is in toto, leaving the rights of the parties to be determined by a court of equity and not by the abrogated contract. *McMillan v. Benfield*, 159 Ga. 457 (4) (126 SE 246). Thus the Civil Court of Fulton County, while capable of exercising equitable principles is without authority to grant affirmative equitable relief. *Code Ann.* §§ 2-3901, 2-3902 (Const. of 1945), Ga. L. 1956, p. 3271.

214

5. The court treated the contracts as being violative of a statute regulating business and therefore void and unenforceable. *Bernstein v. Peters,* 68 Ga. App. 218, 221 (22 SE2d 614) and cases cited. If so, judgment could not be awarded as to Count 2 for failure to completely perform the second contract. See *Lytle v. Scottish Amer. Mortg. Co.,* 122 Ga. 458 (50 SE 402); *Couch v. Crane,* 142 Ga. 22 (82 SE 459); *McMillan v. Benfield,* 159 Ga. 457, supra.

6. Pretermitting the question of whether or not the portion of the Atlanta Code may be admitted in evidence as was done here (see *Code* § 38-606; *Nashville &c. R. v. Peavler,* 134 Ga. 618 (2) (68 SE 432) *Harrison v. Central of Ga. R. Co.,* 44 Ga. App. 167 (1) (160 SE 694); *Southern R. Co. v. Thompson,* 96 Ga. App. 305 (1a) (99 SE2d 845), this one section is insufficient to authorize the judgment canceling the contracts since it is qualified by reference to other sections which are not in evidence, and the courts are without authority to take judicial notice of city ordinances.

7. There being a number of material issues of fact remaining, the lower court erred in dismissing plaintiff's complaint and in finding for the defendant, since the court could not act as a jury in making these determinations.

*Judgment reversed. Hall, P. J., and Deen, J., concur.*

ARGUED JANUARY 13, 1970—DECIDED JANUARY 29, 1970—REHEARING DENIED FEBRUARY 18, 1970.

J. L. Jordan, for appellant.

*Stack & O'Brien, Fred L. Somers, Jr., Jerry G. Peterson,* for appellee.