## 28352. SANDERS v. STATE OF GEORGIA.

INGRAM, Justice. The District Attorney for the Stone Mountain Judicial Circuit filed suit on behalf of the State of Georgia against Arthur R. Sanders, Jr., doing business as "Adult Book Store," together with other named individuals, seeking to have the business of Sanders declared a public nuisance and to obtain an injunction against its continued operation in violation of Section 2 of Ga. L. 1971, p. 888 (Code Ann. § 23-3402) and a certain DeKalb County ordinance, Code of DeKalb County, Part

II, Chap. 10, Art. VI.[1] A hearing was conducted by the trial court as trior of law and fact, and thereafter the following judgment was rendered:

*"Findings of Fact.*

"Plaintiff, the State of Georgia, by and through the office of the District Attorney of the Stone Mountain Judicial Circuit filed a petition with an amendment thereto alleging that the named defendants were engaged in the occupation of operating an adult book store on the premises located at 1815 Candler Road, that it was a commercial establishment which offered for sale books, publications and other media which depict nudity and sexual conduct;

---

[1]Code Ann. §§ 23-3402 and 23-3403 (Ga. L. 1971, pp. 888, 889), incorporated in the DeKalb County ordinance, provide:

"Each adult bookstore and adult movie house is hereby prohibited from operating within 200 yards of any church, church book store, public park, public housing project, hospital, school (public or private), college, recreation center or private residence. The governing authority of each county and municipality is hereby authorized to enact, for their respective jurisdictions, ordinances relating to the subject of this section.

"The term 'adult bookstore' shall mean any commercial establishment in which is offered for sale any book or publication, film or other medium which depicts nudity or sexual conduct.

"The term 'adult movie house' shall mean any movie theater which on a regular, continuing basis shows films rated X by the Motion Picture Coding Association of America, or any movie theater which presents for public viewing on a regular, continuing basis so-called 'adult films' depicting sexual conduct.

"The term 'sexual conduct' shall mean acts of masturbation, homosexuality, sodomy, sexual intercourse, or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks or, if such person be female, breast.

"The term 'nudity' shall mean the showing of the human male or female genitals or pubic area with less than a full opaque covering, or the depiction of covered male genitals in a discernibly turgid state."

The ordinance additionally provides for licensing of adult book stores and movie houses, together with various regulatory provisions. Under Code Ann. § 23-9915 and § XII of the ordinance criminal sanctions may be imposed for violation of the provisions.

"That the operation of this adult book store is in violation of Georgia Code Annotated 23-3402 and of a DeKalb County ordinance which was made a part of this petition and marked Exhibit A;

"That the operation was done without a valid business license and that the operation constituted a public nuisance which should be abated by law;

"That the operation is in violation of Code Section 26-2101 of the Criminal Code of Georgia in that obscene materials are being sold, distributed, exhibited and otherwise disseminated to persons other than the defendants and the obscene materials were possessed by the defendants in and upon said premises with the intent to sell, distribute and otherwise disseminate the same to other persons and the defendants were aware of and knew the obscene nature of said obscene materials.

"The plaintiff introduced some six exhibits, three of which were material sold and maintained for sale by the defendants. Defendants contended that under the Code Section and under the ordinance, all of the various places in the county selling certain publications of general circulation would be in violation of said ordinance and said Code Section.

"Defendants contend that any interference with their operation would be in violation of the First Amendment of the Constitution of the United States, that the ordinance of DeKalb County was promulgated after the defendants began business and was, therefore, ex post facto.

"The defendants further contended that the statutes and ordinance are repugnant to the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and that said provisions are void because of vagueness and impermissible overbreadth. The defendants admit that they sell and possess for sale State's Exhibits 4, 5 and 6.

"*Conclusions of Law.*

"The court finds that the said book store was operating within 200 yards of some 29 residences, a church and a church book store.

"The court finds that the three exhibits heretofore mentioned come within the definition of Code Section 23-3403 and that the defendant has admitted having the three exhibits and having them for the purpose of sale as well as having an unknown number of other copies of said same exhibits.

"The court finds that State's Exhibit Number 5 comes within the Obscenity Statute.

"Wherefore, 1 — The court hereby restrains and enjoins said adult

book store from operating and restrains and enjoins the defendants from operating said adult book store.

"2 — The Sheriff of DeKalb County is hereby directed to abate said public nuisance and padlock said premises until further order of this court.

"3 — That said defendants were operating without a valid license from DeKalb County, Georgia."

The judgment of the trial court has been appealed to this court and presents for resolution two central issues. These are:

(1) Whether Section 2 of Ga. L. 1971, pp. 344, 345 (Code Ann. § 26-2103) represents an unconstitutional prior restraint when construed and applied to authorize the permanent closure of the book store as a public nuisance upon a finding that a single publication, obscene under the standards of Code Ann. § 26-2101 (b), was sold on its premises; and,

(2) whether Section 2 of Ga. L. 1971, pp. 888, 889 (Code Ann. § 23-3402) and the DeKalb County ordinance (Code of DeKalb County, Part II, Ch. 10, Art. VI) are unconstitutional facially and as applied because they are overly broad and therefore void as an infringement of free speech and expression.

I.

Section 2 of Ga. L. 1971, pp. 344, 345 (Code Ann. § 26-2103) provides, "The use of any premises in violation of any of the provisions of this Chapter [Code Chap. 26-21] shall constitute a public nuisance." The chapter referred to in this Code Section is that part of the Code dealing with obscene materials. Section 26-2101 (b) of this Chapter was recently construed and upheld by this court in *Slaton v. Paris Adult Theatre I,* 231 Ga. 312 (201 SE2d 456). We note that if premises are used to sell or distribute material and film which are obscene under § 26-2101 (b), such premises constitute a public nuisance under § 26-2103 of the Code.

The problem encountered in applying these laws in this case to justify closing the entire book store is the ancient right of free men to say and print what they wish without prior restraint. Blackstone put it succinctly in these words: "Every free man has an undoubted right to lay what sentiment he pleases before the public; to forbid this is to destroy the freedom of the press; but if he publishes what is improper, mischievous or illegal, he must take the consequences of his own temerity." 4 Blackstone, Commentaries, 151, 152. This principle has found expression in Art. I, Sec. I, Par. XV (Code Ann. § 2-115) of the Georgia

Constitution, providing, "No law shall ever he passed to curtail, or restrain the liberty of speech, or of the press; any person may speak, write and publish his sentiments, on all subjects, being responsible for the abuse of that liberty." The first Amendment to the Federal Constitution also provides that: "Congress shall make no law . . . abridging the freedom of speech or of the press."

Free expression is rooted deeply in our way of life and cannot be suppressed through statutes which compromise the exercise of this freedom. This does not mean that one is free to express obscenity. Injunctive procedures are available to stop obscene expressions. *Walter v. Slaton,* 227 Ga. 676 (182 SE2d 464); *Evans Theatre Corp. v. Slaton,* 227 Ga. 377 (180 SE2d 712); *Slaton v. Paris Adult Theatre I,* 231 Ga. 312, supra.

In Kingsley Books v. Brown, 354 U. S. 436, 440 (77 SC 1325, 1 LE2d 1469) the Supreme Court of the United States disregarded the notion once held that the doctrine of prior restraint did not apply to attempts to enforce "the primary requirements of decency . . . against obscene publications." See Near v. Minnesota, 283 U. S. 697, 716 (51 SC 625, 75 LE 1357). The court, in Kingsley Books, authorized a temporary injunction to preserve the status quo pending adjudication of obscenity and declared such a procedure was acceptable if there were procedural safeguards which prevented serious and longlasting suppression before a final judicial determination of obscenity was made. See also Bantam Books v. Sullivan, 372 U. S. 58 (83 SC 631, 9 LE2d 584). In other cases before the court, Freedman v. Maryland, 380 U. S. 51; Teitel Film Corp. v. Cusack, 390 U. S. 139 (85 SC 754, 19 LE2d 966); and Blount v. Rizzi, 400 U. S. 410 (91 SC 423, 27 LE2d 498), three procedural prerequisities were further evolved respecting the suppression or seizure of materials or film alleged obscene without doing damage to the doctrine of prior restraint. Summarized, they are: (1) in each case the government must institute judicial proceedings whereby the material or film is seized or suppressed, and it must further bear the burden of proof of the obscenity of the material or film; (2) the government-instituted proceeding must place the defendant exhibitor or seller on notice as to what film or publication he has exhibited, sold or held for sale that the government seeks to seize or suppress; and (3) the proceeding must provide for a prompt and final judicial determination of the obscenity of the film or material. Temporary restraints to preserve the status quo in this regard are authorized after an adversary hearing and when

followed by a prompt final determination of obscenity. See, also, Paris Adult Theatre I v. Slaton, 413 U. S. 49 (93 SC 2628, 37 LE2d 446). For cases involving seizures under warrant, see Heller v. New York, 413 U. S. 483 (93 SC 2789, 37 LE2d 745); Roaden v. Kentucky, 413 U. S. 496 (93 SC 2796, 37 LE2d 757); Quantity of Copies of Books v. Kansas, 378 U. S. 205 (84 SC 1723, 12 LE2d 809); and Marcus v. Search Warrants of Property, 367 U. S. 717 (81 SC 1708, 6 LE2d 1127).

One obscene book on the premises of a book store does not make an entire store obscene. The injunction closing this store and padlocking it as a public nuisance necessarily halted the future sale and distribution of other printed material which may not be obscene, thereby precluding the application of the above procedural safeguards and creating an unconstitutional restraint upon appellant. This broad result cannot be reconciled with free expression under our Constitutions. As said in the case of Organization for a Better Austin v. Keefe, 402 U. S. 415, 418 (91 SC 1575, 29 LE2d 1): An "injunction, so far as it imposes prior restraint on speech and publication constitutes an impermissible restraint on First Amendment rights. [And it is impermissible where it] operates, not to redress alleged private wrongs, but to *suppress,* on the basis of previous publications, *distribution of literature 'of any kind'...*" (Emphasis supplied.) Section 2 of Ga. L. 1971, pp. 344, 345 (Code Ann. § 26-2103), insofar as it has been applied in the present case to authorize the permanent closure of appellant's book store, is unconstitutional.

## II.

The remaining issue for decision is the constitutionality of Section 2 of Ga. L. 1971, pp. 888, 889 (Code Ann. § 23-3402) and the DeKalb County ordinance (Code of DeKalb County, Part II, Ch. 10, Art. VI) here involved. Both attempt to regulate expression which, as defined, is not obscene, and to impose criminal and civil sanctions upon its exercise if done so within 200 yards of churches, schools, etc. In *Slaton v. Paris Adult Theatre I,* 231 Ga. 312, supra, this court interpreted Code Ann. § 26-2101 (b) which defines obscenity in Georgia. In that case, we determined the limits upon the kind of expression that could be punished criminally and subjected to civil suppression without offending constitutional rights. It necessarily follows that expression outside the defined area is constitutionally protected expression. This means that any statute or ordinance which seeks to impose criminal or civil sanctions for the exercise of expression that is

not obscene cannot withstand a proper constitutional attack for overbreadth. Cf. Gooding v. Wilson, 405 U. S. 518 (92 SC 1103, 31 LE2d 408).

It is to be noted that, like any other book store, this one is subject to reasonable regulation, zoning and licensing under the police power of the state and its subdivisions. However, the overly broad coverage contemplated by this statute and ordinance creates a chilling effect upon the exercise of free expression. We cannot throw out the protected to rid ourselves of the unprotected as these laws would require. To apply this statute and ordinance literally to the appellant's book store creates an in terrorem effect on the exercise of freedoms guaranteed and cherished under both State and Federal Constitutions. We must use the deft, the precise and the remedial incision of the surgeon rather than the bludgeoning blow of the butcher to cut away cancerous obscenity. If we do not, the body politic will suffer too mortal a blow from our zeal to have a decent society free of obscene publications but otherwise full of poetry and prose.

We hold, therefore, that both Section 2 of Ga. L. 1971, pp. 888, 889 (Code Ann. § 23-3402) and the DeKalb County ordinance (Code of DeKalb County, Part II, Ch. 10, Art. VI) are unconstitutional on their face for overbreadth, through the imposition of criminal and civil sanctions for the exercise of otherwise protected speech and expression.

### III.

An independent appellate review has been conducted of state's Exhibits 4, 5 and 6,[2] introduced by the state during the hearing below, and under the standards of this court's ruling in *Slaton v. Paris Adult Theatre I,* 231 Ga. 312, supra, we have determined each of these exhibits is obscene. These publications depict in varying degrees nude males and females with prominently exposed genitalia. Exhibit 5 included photographs of couples engaged in sexual intercourse and fellatio. The trial court is

---

[2]State's Exhibit No. 4 is a xeroxed copy of a magazine entitled "Buttocks Bazaar," Vol. I, No. 3 (Rainbow Publications, Mays Landing, 1972); States Exhibit No. 5 is a copy of a paperback book entitled "Housewives Who Invite Rape" (Greenleaf Classics, Inc., San Diego, 1972); and State's Exhibit No. 6 is a magazine entitled "Cover Girl, an International Art Magazine" (Nordisk Bladcentral A/S, Copenhagen, 1968).

directed to enter an appropriate order permanently enjoining the exhibition, sale and distribution of these publications, together with all copies thereof.

*Judgment reversed; remanded with direction. All the Justices concur, except Jordan, J., who dissents.*

ARGUED OCTOBER 10, 1973 — DECIDED JANUARY 28, 1974.

*Glenn Zell,* for appellant.

*Richard Bell, District Attorney, Leonard W. Rhodes,* for appellee.