SPEIGHT, T/A HAREM BOOK STORE, ET AL. *v.*
SLATON ET AL.

No. 72–1557.   Argued January 7–8, 1974—Decided February 27, 1974

*Robert Eugene Smith* argued the cause for appellants.
With him on the brief was *D. Freeman Hutton.*

*Thomas R. Moran* argued the cause and filed a brief
for appellees.

PER CURIAM.

This is an appeal from a decision of a three-judge
District Court (356 F. Supp. 1101) declining to intervene
in a pending state civil proceeding and holding that such
intervention was barred by our decision in *Younger* v.
*Harris,* 401 U. S. 37.   The state proceeding, brought
against appellants by the Solicitor General of Fulton
County, Georgia, sought an injunction against the opera-
tion of appellant Speight's bookstore, and confiscation and
destruction of all merchandise on the store's premises,
on the grounds that the store was being used for the

"advertising, storage, sale, and exhibition for sale of materials obscene within the meaning of Section 26–2101 of the Criminal Code of Georgia." The basis for the State's action was § 26–2103 of the Code under which the use of any premises for the violation of § 26–2101 constitutes a "public nuisance," thereby triggering the application of state statutory provisions for the abatement of public nuisances, c. 72–2 of the Code of Georgia. The case is here on appeal. 28 U. S. C. §§ 1253, 2101 (b). We noted probable jurisdiction to decide whether under these circumstances federal intervention in the pending state proceedings was barred by our holding in *Younger* v. *Harris, supra.*

Since oral argument of this case the Georgia Supreme Court has struck down the application of § 26–2103 in another case involving similar facts. *Sanders* v. *State,* 231 Ga. 608, 203 S. E. 2d 153 (1974). In *Sanders* the State had brought an action to enjoin the operation of a bookstore on the ground that certain publications sold by the store were obscene under § 26–2101. The supreme court held that this application of § 26–2103 "represents an unconstitutional prior restraint when construed and applied to authorize the permanent closure of the book store as a public nuisance upon a finding that a single publication, obscene under the standards of Code Ann. § 26–2101 (b), was sold on its premises." *Id.,* at 611, 203 S. E. 2d, at 155. As we understand the Georgia court's decision, the operation of a bookstore could not be enjoined merely because some of its merchandise had been judicially determined to be obscene. The Georgia court cited both the Federal and Georgia Constitutions in its decision, although it was not explicit as to whether each provided, in its view, an independent ground for its holding.

It would appear that this Georgia Supreme Court decision would probably foreclose the state action

against which federal injunctive relief was sought by appellants in this case. In that event appellants could obtain full relief in the state court proceeding merely by moving to dismiss the state action, in accord with state procedural rules, in light of *Sanders* v. *State*. If that is the case, appellants could not now make any showing of irreparable injury by reason of the state court proceeding, and such a showing is of course required before the federal court could grant the equitable relief, apart from any special considerations involved in *Younger* v. *Harris, supra,* at 46.

We therefore vacate the judgment below and remand to the District Court for reconsideration in light of the decision of the Georgia Supreme Court in *Sanders* v. *State, supra.*

*It is so ordered.*