## 29333. MAYOR &c. OF SAVANNAH v. TWA, INC.
## 29334, 29335. MAYOR &c. OF SAVANNAH v. TWA, INC.; and vice versa.
## 29341. MAYOR &c. OF SAVANNAH v. BOOKSHOP, INC.

GUNTER, Justice.

All of these appeals involve similar issues and will be treated in one opinion.

The trial court's judgment in Number 29333 ordered the city officials to issue the appellee two business licenses, one license for "books, magazines, and novelties" and the other license for "eight coin-operated (movie) machines." The city officials have appealed.

The trial court's judgment in Number 29334 involves practically the same issues raised in Number 29333, and it adopted the judgment rendered in Number 29333 with one addition as follows: "It has been brought to the court's attention that after plaintiff filed its application for a license and tendered the fee, the defendants on April 25, 1974 adopted an amendment to the Revenue Ordinance of December 20, 1973 by which, among others, the license fees for the proposed type of business to be conducted by plaintiff, and others similarly situated, were increased considerably. On this point the court concludes that the plaintiff's pending application for a license became subject to said amendment. It is, therefore, ordered that a rule absolute issue against defendants, and defendants be, and they are hereby ordered to issue to plaintiff a license upon the plaintiff complying with all provisions of said amendment of April 25, 1974."

The appeal in Number 29335 is a cross appeal, and it complains that the trial court erred in ordering cross appellant to comply with the provisions of the alleged ordinance dated April 25, 1974, because such ordinance was not a part of the record in the case, "having simply been brought to the attention of the trial court."

The judgment appealed from in Number 29341 ordered the city to issue the two licenses applied for upon compliance by the plaintiff with the April 25 ordinance. The April 25 ordinance was properly before the trial judge in this case, so there was no cross appeal.

Let it be sufficient here to say that the city declined to issue the business licenses sought by the applicants because it was suspected that the applicants were going to sell pornographic materials if they acquired the business licenses for which they had applied. Thus, the central and dispositive question in these cases is whether a municipal government may use the denial of a business license, coupled with threats to prosecute criminally for doing business without a license, as a means of suppressing suspected pornography without hearing any specific proof whatsoever of obscenity.

Under the facts in these cases the denials of business licenses to the applicants amounted to "prior restraint of First Amendment rights." We think, as did the trial judges who rendered the judgments below, that these cases are controlled by *Sanders v. State of Ga.*, 231 Ga. 608 (203 SE2d 153) (1974). In *Sanders,* we said: "one obscene book on the premises of a book store does not make an entire store obscene. The injunction closing this store and padlocking it as a public nuisance necessarily halted the future sale and distribution of other printed material which may not be obscene, thereby precluding the application of the above procedural safeguards and creating an unconstitutional restraint upon appellant. This broad result cannot be reconciled with free expression under our Constitutions." P. 612.

The facts in these cases show that the applicants had complied with all the requirements necessary for obtaining business licenses to sell materials that are protected by the First Amendment. In such a situation a municipality must issue the licenses applied for and thereafter suppress the sale of pornographic materials through proper proceedings that will not damage the doctrine of prior restraint. See *Sanders,* supra, p. 612.

In Number 29335, the cross appeal, the complaint is that the trial court incorporated in its judgment the provisions of the April 25 ordinance which increased the license fees. The April 25 ordinance was passed after the hearing in the trial court was held; the record nowhere reflects that this ordinance was ever offered into evidence by stipulation or otherwise; and apparently, the trial judge simply took judicial notice of the ordinance.

However, neither a superior court nor an appellate court may judicially notice a municipal ordinance. *Leger v. Ken Edwards Enterprises, Inc.,* 223 Ga. 536 (156 SE2d 651) (1967); *Johnson v. Frazier,* 121 Ga. App. 212 (173 SE2d 434) (1970). Therefore the trial court erred in requiring compliance with the provisions of an ordinance that was not properly before the court.

*Judgments in Nos. 29333, 29334, and 29341 affirmed. Judgment in No. 29335 affirmed in part and reversed in part. All the Justices concur.*

ARGUED NOVEMBER 12, 1974 — DECIDED MARCH 4, 1975.

*James B. Blackburn, Stanley E. Harris, Jr.,* for appellant.

*Aaron L. Buchsbaum, Glenn Zell, Robert Eugene Smith, Gilbert Deitch,* for appellees.