**660 LINDBERGH, INC., et al., Plaintiffs,**

v.

**CITY OF ATLANTA et al., Defendants.**

Civ. A. No. C80–1009A.

United States District Court,
N. D. Georgia,
Atlanta Division.

July 17, 1980.

Charles W. Boyle, Atlanta, Ga., for plaintiffs.

Andrew J. Hairston, City Sol., Atlanta, Ga., for defendants.

ORDER

ROBERT H. HALL, District Judge.

This civil action seeks a preliminary injunction prohibiting enforcement by defendants against plaintiffs of Georgia's nuisance abatement statutes, specifically, Ga. Code Ann. § 72–201 *et seq.*; § 72–301 *et seq.*; § 72–401 *et seq.*; and § 17–9001 of the Atlanta City Code of Ordinances. Plaintiffs, in very general terms, sell, show, or deal in sexually explicit materials, including books and movies. Plaintiffs aver that defendants, after finding instances of public indecency, solicitation of sodomy, sodomy, and prostitution occurring on bookstore premises similar to those of plaintiffs, have moved against those businesses and have threatened to move against plaintiffs to close down the premises under the nuisance abatement statutes. At the time this suit was filed there were no abatement actions pending against any of the plaintiffs. Prior to the July 15 hearing, however, six plaintiffs were served with nuisance abatement actions of the type here sought to be enjoined.

A hearing was held on plaintiffs' Motion for Preliminary Injunction on July 15, 1980. The parties agreed that no evidence would be introduced, except that defendants will

file certified copies of the above-mentioned six abatement actions.

The court reserves for the moment the issue raised by defendants concerning whether plaintiffs have standing to bring this suit. The court finds that for other reasons the requested preliminary injunction should be denied.

What is involved here is a state civil suit, *viz.*, a nuisance action, used to enforce state criminal statutes prohibiting certain illegal sexual conduct. See generally, *Palaio v. McAuliffe*, 466 F.2d 1230 (5th Cir. 1972); *Speight v. Slaton*, 356 F.Supp. 1101 (N.D. Ga.1973). Plaintiffs state that they fear that the nuisance abatement statutes and ordinance will be used against them in a manner similar to recent abatement actions in which state courts, finding that instances of illegal sexual activity were regularly occurring in the peepshow portion of bookstores, ordered the peepshow portion closed and rendered inaccessible to the public. Plaintiffs raise basically two arguments. First, they urge that they fear defendants will padlock their enterprises, including the presumably inoffensive book selling portion of the business. Second, they argue that closing the peepshow portion of their operations would constitute a prior restraint because it is not the least intrusive means for deterring illegal sexual activity.

The court notes that Georgia law does not permit a bookstore to be closed entirely for an obscenity violation. In *Sanders v. Georgia*, 231 Ga. 608, 203 S.E.2d 153 (1974), the Georgia Supreme Court ruled Ga.Code Ann. § 26–2103 to be an unconstitutional prior restraint when it was construed and applied to authorize the padlocking of premises on grounds that the sale of a single obscene publication had rendered the premises a nuisance. Thus, this court has no clear reason to anticipate that the overall padlocking which plaintiffs fear will occur.

Attached to the Motion to Dismiss by the City of Atlanta are three orders of the Fulton County Superior Court, which resulted in the closing of the peepshow portion of certain enterprises. A similar closing is feared by plaintiffs to be in store for them. Plaintiffs argue that closing the peepshow portion of the business will have the effect of suppressing the showing of the movies. This court notes that the Fulton Superior Court, prior to entering its ultimate order, attempted without success to secure cooperation from the defendants so that the movies might be shown and the illegal activity deterred, simultaneously. Those defendants were almost totally uncooperative, and the partial closing was then ordered. This court is not persuaded that, if plaintiffs sincerely intended to do so, they would be unable to devise a method for showing these movies which would permit patrons a sufficiently darkened area to see the picture while at the same time allowing the bodies of the patrons to be viewed sufficiently to assure that illegal sexual activity is not taking place.

In sum, the court concludes that the kind of nuisance abatement action which plaintiffs fear poses no significant threat to their First Amendment rights, and does not constitute a prior restraint. The cases cited by plaintiffs are distinguishable, in that they have struck down the use of a nuisance abatement statute to close an entire enterprise for *obscenity* violations. E.g., *Napro Development Corporation v. Town of Berlin*, 135 Vt. 353, 376 A.2d 342 (1977); *Ranck v. Bonal Enterprises, Inc.*, 467 Pa. 569, 359 A.2d 748 (1976); *Gulf States Theatres of Louisiana Inc. v. Richardson*, 287 So.2d 480 (La.1973); *Mitchem v. State ex rel. Schaub*, 250 So.2d 883 (Fla.1971). What we have here is not an attempt to close down an operation for prior violations of obscenity laws. The court's ordering closure of a portion of a business under a nuisance statute after finding instances of lewdness, public indecency, solicitation of sodomy, and sodomy, does not constitute a prior restraint on plaintiffs' First Amendment rights. In essence, plaintiffs are asserting that the First Amendment umbrella which generally protects their books and movies means that as a matter of law, no matter what is happening on the premises, plaintiffs' operations cannot be held to constitute a nuisance. The court disagrees.

Plaintiffs have shown no viable threat to their First Amendment rights from the projected enforcement by defendants of the nuisance abatement statutes, and therefore the court in its discretion finds that an injunction should not issue.

Accordingly, it is hereby ORDERED that plaintiffs' motion for preliminary injunction is DENIED.

So ordered.