BENNETT ADAMS, plaintiff in error, vs. THE MAYOR OF THE CITY OF ALBANY, defendant in error.

[1.] A clause in the charter of the city of Albany, conferring power in general terms, to pass all by-laws, &c., not inconsistent with the Constitution and laws of the State, does not confer the power to pass an ordinance making it a penal offence to sell spirits in quantities of a quart or more, to be drank on the premises where sold, this being inconsistent with the State law on the same subject.

[2.] To confer power on a Judge to *try* offences, *creates* no offence. He must try according to *law*, and where there is no law there is no offence.

Certiorari, in Dougherty Superior Court. Decision by Judge ALLEN, at chambers.

The facts of this case are as follows:

Bennett Adams was brought up before the Mayor of the city of Albany, (the honorable Richard F. Lyon) on a charge of selling spirituous liquors in quantities over one quart and permitting the same to be drank in his house. Defendant objected to being tried by the Mayor alone, claiming and insisting that he was entitled, under the charter of said city, to be tried by the Mayor and Council. This objection was overruled, and the trial proceeded before the Mayor alone.

It appeared from the evidence that Adams was the owner of a wagon-yard in said city, upon which was a house with two rooms, one of which he used for a grocery store, and the other was for the accommodation of the wagoners; there was no door or other opening between the rooms; that wagoners, camping in the yard, would frequently purchase a quart of liquor and carry it into the room occupied by them, and there drink it, and that other persons had purchased the same quantity and went into the wagoners' room and drank it.

Upon this proof, defendant moved to quash the proceeding, upon the ground that the ordinance, for the violation of

which he was being tried, providing that no liquor over a quart shall be sold and drank in the vendor's house, was a violation of a private vested right, and repugnant to the sta-- tutes of the State and therefore void. The motion to quash was overruled and defendant fined twenty-five dollars. To which rulings and judgment defendant excepted, and ap- plied to the honorable ALEXANDER A. ALLEN, Judge of the Superior Court, for a writ of certiorari to correct and reverse said judgment. The Judge refused the application and de- fendant excepted and assigns error, &c.

STROZIER & SMITH, for plaintiff in error. .

GREENLEE BUTLER, *contra.*

*By the Court*—STEPHENS, J. delivering the opinion.

[1.] Was the ordinance a valid one ? The authority for it must be derived from the charter of the city, either the original or amended charter. The only clause in the old charter, claimed as conferring the power to pass this ordi-- nance, is the one conferring power in general terms, to pass all by-laws, ordinances, &c., not inconsistent with the Consti-- tution and State laws. But this ordinance *is* inconsistent with a State law A statute declares in effect that every citi-- zen may sell liquor to white people in quantities of a quart or more, with but one single restriction, and that is if he sells less than a gallon he must first take an oath not to sell to negroes. This is the *result of the statute.* It is not a case where State law is silent. The State has *spoken.* The result is a clear declaration by State law, that the liquor may be sold to be drank anywhere. The city speaks, and says it shall *not* be sold to be drank on the premises. The one says it may, the other says it shall not. The two cannot stand together, and that is the test of *inconsistency.*

[2.] Then does the amended charter confer the power to pass this ordinance? A careful examination of it shows that, with the single exception of taxes, it confers no legis-lative power whatever. It *does* confer *judicial* power, by empowering the Mayor to *try* certain classes of offences. It makes no laws against offences nor does it empower anybody else to make such laws. It empowers the Mayor to *try* offences, but he must try them by *law.* Where there is no law, there is no offence. The difficulty under which the judgment in this case labored, was the want, not of a Judge to render it, but of a law to authorize it. We think there was a capital Judge, but no law.

Judgment reversed.