Jenkins vs. The Mayor and Council of Thomasville.

| 35 | 145 |
| 88 | 409 |
| 35 | 145 |
| 95 | 421 |
| 35 | 145 |
| 102 | 843 |

CHARLES J. JENKINS, plaintiff in error, vs. THE MAYOR and TOWN COUNCIL of the Town of Thomasville, defendants in error.

City authorities, under the usual grant of power contained in their charters, cannot by ordinance declare those acts offences against the city, which by the general law are defined and made punishable as offences against the State.

Certiorari.   In Thomas Superior Court.   Decided by Judge HANSELL.   July, 1866.

On the 23d of January, 1866, the plaintiff in error was tried in fourteen cases, by the Mayor, in the Municipal Court of Thomasville, upon charges of having, on the 11th of the same month, furnished to colored men spirituous liquors, in violation of an ordinance of said town.

He presented no plea to the jurisdiction, written or verbal—was present at the trial, and took part in the examination of the witnesses.

He was convicted and ordered to pay a fine of fifty dollars in each case, which he did.

The negroes to whom he furnished the liquors were soldiers of the United States, stationed at Thomasville; and their commanding officer arrested him and turned him over for trial to the Mayor, the officer himself assisting the Mayor in the investigation.

The ordinance under which he was tried was of a date anterior to the abolition of slavery, and was as follows:

* * * "And any person selling or giving spirituous liquors to a negro not his own, or person of color, on conviction before the Mayor, shall be fined not exceeding fifty dollars."

His counsel carried one of the cases, by certiorari, to the Superior Court, and at the same time signed, with the Mayor, the following written agreement:

"It is agreed by the Mayor and Council of Thomasville, and the counsel of defendant, that the above cases may be consolidated, or that the one case may be carried to the Superior Court by the certiorari, for the purpose of determining the question as to whether the Mayor and Council had jurisdiction or right to determine the cases, and that the decision in the one case, or the cases consolidated, shall control and govern all the other cases."

The grounds taken in the petition for certiorari were:

1st. That the act charged was not punishable under the statutes of Georgia, or by the corporate authorities of Thomasville.

2d. That the ordinance became inoperative by the aboli-

tion of slavery, and was in conflict with the Constitution of the United States, and with the Constitution and laws of Georgia.

3d. That by reason of the abolition of slavery and the establishment of equal rights, the ordinance had become null and void.

4th. That the offence, if any, was indictable and triable alone in the Superior Court by jury, and the corporation Court had no jurisdiction.

At the hearing in the Superior Court, the presiding Judge dismissed the certiorari and sustained the judgment below, holding that the party ought to have pleaded or excepted to the jurisdiction in the first instance.

SEWARD and WRIGHT, for plaintiff in error.

ALEXANDER, for defendants.

LUMPKIN, C. J.

The plaintiff in error was arrested and tried on fourteen cases by the municipal authorities of Thomasville for selling spirituous liquors to free persons of color, contrary to the ordinances of said town; and, on conviction, was fined $50 in each case.

The State having passed a law upon the same subject, to allow the authorities of Thomasville to punish it as an offence against their ordinances, would be either to oust the jurisdiction of the State in the premises, or to punish the offence twice—once by the State, and again by the town.

There is another objection to this proceeding. In these cases the accused was tried by the Mayor and Council without the intervention of a jury; whereas, in the State Courts, he is entitled to the benefit of this Constitutional privilege. 21 *Ga. Rep.* 80.

The line is not very accurately drawn where municipal power ends and State authority begins. The former has

ample space to legislate without trenching upon the jurisdiction of the State. In all doubtful cases, it would be better for the corporate authorities to arrest and commit the offender for trial before the proper State tribunals.

There is another difficulty in this case. Since our anti-slavery ordinance was passed, is there any such class as "free persons of color?" We have "freedmen;" but because of African descent, can they be called technically and properly now "free persons of color," as they were under the old law? Free persons of color were restrained by the law, as it formerly stood, from doing many things which freedmen can now do without let or hindrance. What I would suggest is this : Is there now, and can there be, any such crime as that of selling spirituous liquors " to free persons of color?" I know that we have a statute which declares that all offences shall be punished under the law which existed at the time the offence was committed, notwithstanding its subsequent repeal. But does this provision apply when the *status* of the person is changed entirely? I forbear to enlarge upon this subject.

Judgment reversed.