### 10091.  HOARD *v.* JORDAN.

1. Payment of an execution in the hands of the sheriff discharges the defendant. *Matthis* v. *Pollard,* 3 *Ga.* 1 (3).
2. Courts will not decide moot questions. *Randolph* v. *Brunswick Railroad Co.,* 120 *Ga.* 969, 970 (48 S. E. 396).
3. Where the answer of the magistrate, untraversed and unexcepted to, showed that' after the certiorari was served upon him the money upon the execution levied was paid to the sheriff, the certiorari sued out by the defendant in fi. fa., complaining of the judgment overruling his affidavit of illegality, raised a moot question only, and should have been dismissed on the motion of the defendant in certiorari.
                      DECIDED APRIL 22, 1919.

·  Certiorari; from Bibb superior court—Judge Mathews.  August 5,. 1918.

   *Walter Defore, James C. Estes,* for plaintiff in error.
   *Charles H. Garrett,* contra.

BROYLES, P. J.   The judge of the superior court of Bibb county, at the July term, 1918, sanctioned a certiorari to review the overruling and dismissal of an affidavit of illegality filed by John Jordan in .the municipal court of the city of Macon.   When the case came on for a hearing on August 5, 1918, the defendant in certiorari made a motion to dismiss the same, upon the ground that the answer of the judge of the municipal court of the city of Macon, which was untraversed and unexcepted to, disclosed that "the judgment sought to be reviewed in said petition for certiorari had been fully paid and discharged at a date after the sanction of the petition in said case and before the same was called for a hearing."   This motion was overruled, and the defendant in certiorari excepted.   It appears from the answer of the trial judge, dated July 13, 1918 (which was untraversed and unexcepted to), that the certiorari was issued on June 13, 1918, and served upon him on the same date, and that the money on the fi. fa. in question was paid to the sheriff on June 20, 1918.

Under these facts we think the judge of the superior court erred in overruling the motion to dismiss the certiorari.   This ruling is not in conflict with the decisions in *Scroggins* v. *State*, 55 *Ga.* 380, and *Cramer* v. *Truitt*, 113 *Ga.* 967 (39 S. E. 459), cited by counsel for the defendant in error.   In the former case it affirmatively appeared from the answer of the magistrate that he based his ruling, complained of in the petition for certiorari, on information which he obtained through a private conversation with an attorney for one of the parties, and the Supreme Court correctly held that statements of that character had no proper place in a magistrate's answer and should be disregarded by the judge of the superior court.   In the *Cramer* case it was held merely that the judge of the superior court, in deciding whether he should *sanction* the certiorari, erred in receiving and giving heed to a communication from the trial magistrate; the Supreme Court stating that the magistrate could be heard only through his official return, after the granting of the certiorari.   In neither case was a moot question involved.   In the instant case the answer of the trial judge on the point in question was as follows: "The money on this fi. fa. was paid over to the sheriff on 20th day of June, 1918, and is now in his possession."   It does not appear in this case how the magistrate obtained his knowledge of this fact.   It certainly can no more be presumed

that he received it in a private conversation with the sheriff than that he obtained it by seeing the execution (after it had been returned to the court) marked "satisfied." At any rate, he stated in his answer, as a positive fact, that the money on the fi. fa. had been paid to the sheriff; and if this statement was incorrect or improper, the answer should have been traversed or excepted to. This not having been done, the judge of the superior court had no authority to disregard this part of the answer, although it referred to a transaction subsequent to the trial of the case and the sanction of the certiorari. Especially is this true when the answer showed, under the authority cited in the first headnote, that the execution had been paid and the judgment satisfied. As was said by Mr. Justice Lamar in *Randolph* v. *Brunswick &c. R. Co.*, supra: "Courts do not settle moot questions or deal with fictitious litigation; neither will they proceed to judgment where it is shown that the parties have settled their controversy, or that the judgment has been satisfied. In such case the writ of error will be dismissed in the appellate court." See also, to the same effect, 3 Cyc. 188, par. 4 and notes; 11 Corpus Juris, 186 (§ 314), 187, note 9; *Kitchens* v. *State,* 4 *Ga. App.* 440 (61 S. E. 736), and cases cited. The untraversed and unexcepted to answer of the trial judge clearly showed that the certiorari raised a moot question only, and the judge of the superior court erred in overruling the motion to dismiss the certiorari. This error rendered the further proceedings nugatory.

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*