*H. J. MacIntyre, solicitor,* contra.

---

14998.   KIRKSEY *v.* GEER, Judge.

14999.   SHEFFIELD *v.* GEER, Judge.

BROYLES, C. J.   In each of the above-stated cases the petition for mandamus, praying that this court compel the trial judge to certify a bill of exceptions, shows that the fine imposed by the court was paid by the movant after the refusal of the judge to sign the bill of exceptions. The cases, therefore, have become moot, and the applications for mandamus are denied.   This is true although the sentence in each case was that unless the defendant paid the fine he must serve a certain number of months in the chain-gang, and although the movant alleges that on the next day after the refusal of the judge to certify the bill of exceptions the sheriff told him that he must pay the fine at once or go to the chain-gang, and, "fearing the hard labor" imposed, he (the movant) paid the fine.   See, as to the principle involved, the following cases: *Leverette* v. *Kilpatrick,* 29 *Ga. App.* 333 (115 S. E. 34); *Hoard* v. *Jordan,* 23 *Ga. App.* 656 (99 S. E. 144); *Johnson* v. *Harris,* 13 *Ga. App.* 618 (79 S. E. 588); *Cook* v. *Lowry,* 148 *Ga.* 516 (97 S. E. 440).

*Mandamus nisi denied. Luke and Bloodworth, JJ., concur.*

DECIDED OCTOBER 3, 1923.

Application for mandamus.

*R. W. Grow,* for the applicant.