## 24867. HILLERY v. THE STATE.

BROYLES, C. J. 1. The defendant was convicted of the offense of burglary. Upon the trial, evidence tending to show that the accused, a few weeks after the burglary charged in this case, again burglarized the same house, was admitted on the ground that it tended to show intent, motive, and the identity of the person who had committed the burglary for which the defendant was then on trial. The evidence further showed an alleged confession by the defendant of the second burglary, but there was no evidence of a confession of the burglary charged in the indictment on which he was then being tried. In view of these facts, and the further fact that the defendant's conviction was not demanded by the evidence, the court committed reversible error in giving the usual charge on the law of confessions, since, under the facts of the case, the charge may have misled the jury into believing that the defendant's confession of the second burglary authorized his conviction of the burglary charged in the indictment.

2. Evidence was introduced showing recent possession by the defendant of some of the fruits of the second burglary, but there was no evidence disclosing his recent possession of any of the fruits of the burglary charged in the indictment. The court, therefore, erred in charging the law as to recent possession of stolen property, since the charge may have misled the jury into believing that the defendant's recent possession of some of the fruits of the second burglary authorized his conviction of the burglary charged in the indictment.

3. The remaining assignments of error show no cause for a reversal of the judgment.   *Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED JUNE 13, 1935.

*W. C. Little, H. O. Farr,* for plaintiff in error.
*W. B. Gibbs, solicitor-general,* contra.