GILES *v.* GIBSON.

No. 17776. Submitted February 12, 1952—Decided March 12, 1952—Rehearing denied March 25, 1952.

*Frank Grizzard, Frank A. Bowers* and *Norman H. Fudge,* for plaintiff.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin* and *Henry L. Bowden,* for defendant.

HEAD, Justice. The ordinance under attack provides in part as follows: "Sec. 1. No person shall occupy the seat of a motor vehicle upon the public streets of the City of Atlanta, immediately under the steering wheel, while under the influence of intoxicating liquors or drugs."

It is contended by counsel for the petitioner that the ordinance of the city is in conflict with the general law of this State, to wit, Code § 68-307 as amended by the act of 1947 (Ga. L. 1947, p. 230), which reads in part as follows: "No person shall operate a motor vehicle or motorcycle upon any public street or highway, or any private way, private street, or private property in this state, whether as owner or operator of such vehicle, if under 16 years of age, or while under the influence of intoxicating liquors, or drugs."

Counsel for the respondent cite *Loach* v. *City of LaFayette,* 19 *Ga. App.* 639 (91 S. E. 1057), and the cases there cited, and emphasize the following language: "An act penalized by a law of the State may be penalized also by a municipal ordinance, if there is in the municipal offense some essential ingredient not essential to the State offense, or if the municipal offense lacks some ingredient essential to the State offense." The quotation from *Loach* v. *City of LaFayette,* supra, is not in accord with the correct rule for testing the validity of a municipal ordinance. A municipal ordinance is nothing more than a special law

limited in its application to the territory embraced within the municipality.

In *City of Atlanta* v. *Hudgins*, 193 *Ga.* 618, 623 (19 S. E. 2d, 508), Mr. Chief Justice Duckworth, in speaking for this court, stated in part as follows: "This provision of the Constitution [Code, Ann., § 2-401] would be nullified if by play upon words and definitions the courts should hold valid a special law when there existed at the time of its enactment a general law covering the same subject-matter. The mere fact that the special law deals with some remote segment or element of the general subject embraced in the general law, which segment or element is not dealt with by the general law, does not alter the fact that such a special law is enacted in a case where provision has been made by an existing general law. The General Assembly in the exercise of its judgment might wish that portions of the subject dealt with by the general statute should remain free from regulation by law." See also *Mayor &c. of Savannah* v. *Hussey*, 21 *Ga.* 80 (68 Am. D. 452) ; *Jenkins* v. *Mayor &c. of Thomasville*, 35 *Ga.* 145; *Vason* v. *City of Augusta*, 38 *Ga.* 542; *Reich* v. *State*, 53 *Ga.* 73 (21 Am. R. 265) ; *Rothschild* v. *City of Darien*, 69 *Ga.* 503; *Turner* v. *Mayor &c. of Forsyth*, 78 *Ga.* 683 (3 S. E. 649) ; *Hood* v. *Von Glahn*, 88 *Ga.* 405 (14 S. E. 564) ; *Kahn* v. *City of Macon*, 95 *Ga.* 419 (22 S. E. 641) ; *Strauss* v. *Mayor &c. of Waycross*, 97 *Ga.* 475 (25 S. E. 329) ; *Moran* v. *City of Atlanta*, 102 *Ga.* 840 (30 S. E. 298) ; *Kassell* v. *Mayor &c. of Savannah*, 109 *Ga.* 491 (35 S. E. 147) ; *Littlejohn* v. *Stells*, 123 *Ga.* 427 (51 S. E. 390) ; *Glover* v. *State*, 126 *Ga.* 594 (55 S. E. 592) ; *Smith* v. *Chapman*, 166 *Ga.* 479 (143 S. E. 422) ; *Marshall* v. *City of Griffin*, 173 *Ga.* 782 (161 S. E. 622) ; *Long* v. *State*, 202 *Ga.* 235 (42 S. E. 2d, 729).

Applying the rule stated in *City of Atlanta* v. *Hudgins*, supra, the prisoner in the present case was entitled to be released on his writ of habeas corpus, and the court erred in remanding him to the custody of the superintendent.

Since the prisoner was sentenced to serve sixty days in the city prison on December 26, 1951, and more than sixty days have elapsed since the imposition of such sentence, the question is presented as to whether or not this court should pass upon his writ of error. In *Johnson* v. *Harris*, 13 *Ga. App.* 618 (79 S. E.

588), under similar facts and circumstances, the Court of Appeals held that it would "be assumed" that "the sentence had been satisfied." The decision by the Court of Appeals in *Johnson* v. *Harris*, supra, has been cited by that court in *Savage* v. *State*, 24 *Ga. App.* 550 (101 S. E. 711) and in *Kirksey* v. *Geer*, 31 *Ga. App.* 52 (119 S. E. 440). The decision of the Court of Appeals in *Johnson* v. *Harris*, supra, made no reference to the ruling of this court in *Lark* v. *State*, 55 *Ga.* 435, wherein it was held: "Habeas corpus and writ of error thereon, having been brought to free a party from imprisonment under a sentence alleged to be illegal, the writ of error will not be dismissed, when reached for argument in the Supreme Court, on the ground that the period of time covered by the sentence has then expired. There is no presumption that an illegal imprisonment has terminated, or that it will terminate, in a voluntary discharge." Under the ruling of this court in *Lark* v. *State*, supra, the ruling by the Court of Appeals in *Johnson* v. *Harris*, supra, constitutes no authority for refusing to pass upon the writ of error.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., and Candler, J., who dissent.*