45158. SHAW v. THE STATE.

DEEN, Judge. The defendant appeals from the revocation of the probationary features of two prior concurrent misdemeanor sentences on the sole enumeration of error that the original sentences are illegal, null and void. We accordingly restrict our inquiry to that issue.

1. The sentences both recite "That the defendant serve the full term of 12 months in the penitentiary or such other institution as the Director of the State Board of Corrections may direct" and is therefore sufficiently definite to be put into effect. One, but not both of the concurrent sentences, recites in addition that the defendant serve 12 months at a public works camp or elsewhere as the law directs *and* that he be confined in the common jail for 12 months. Thus, a part of one of the concurrent sentences is legal and a part illegal and unenforceable because excessive. But an error of the trial judge in the imposition of sentence does not result in setting aside the verdict (*Sable v. State,* 22 Ga. App. 768 (97 SE 271); *Davis v. Town of Gibson,* 24 Ga. App. 813 (102 SE 466); *Brown v. City of Atlanta,* 123 Ga. 497 (51 SE 507)) but requires resentencing (*Sawyer v. State,* 112 Ga. App. 885 (4) (147 SE2d 60)), or if the defendant were not released at the end of his proper term habeas corpus would lie.

2. The sentence would of course be void if the accusation did not charge a crime, the test being whether the defendant can admit all the facts charged against him and still be innocent of any offense. *Troup v. State,* 83 Ga. App. 151 (2) (63 SE2d 4). On an accusation for obstructing legal process it was held under former *Code* § 26-4401 that the accusation must show as an essential ingredient of the offense the nature of the process and the authority of the officer to execute it. *Hunter v. State,* 4 Ga. App. 579 (61 SE 1130). This *Code* section has been superseded by *Code Ann.* § 26-2505 as

follows: "A person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Ordinarily an accusation setting out the crime in the language of the statute is sufficient. *Hugo v. State*, 110 Ga. 768 (36 SE 60). These particular accusations set out the offenses charged (resisting a lawful arrest) in statutory terms and one added that in making resistance the defendant physically fought with the officers. Whether they were perfect in form if challenged prior to conviction is not before us, but it is obvious that the defendant cannot, after conviction, admit their allegations and still be innocent of any offense; therefore, the conviction and sentence is not void for any reason stemming from the form of the accusation. Questions concerning the adequacy of the affidavit on which the accusation issued, and the form of the arrest warrant, were not raised prior to judgment and cannot be raised now. Since the original sentence was proper, except as hereinabove noted, and no other error is enumerated which would affect the judgment revoking its probationary features, the judgment is

*Affirmed. Hall, P. J., and Evans, J., concur.*

SUBMITTED MARCH 4, 1970—DECIDED APRIL 7, 1970—
REHEARING DENIED MAY 4, 1970.

*Wade H. Leonard*, for appellant.
*William M. Campbell, Solicitor*, for appellee.