## 50858. PACE et al. v. CITY OF ATLANTA.

EVANS, Judge.

A city detective entered a massage parlor known as the "Bathhouse." For $25 he received a "rubdown" by a female (Ms. DeLima), including his private parts. Thereafter he charged Charles Pace and Sharon Louise DeLima with a violation of § 20-38 of the Atlanta Code which reads as follows: "It shall be unlawful for any person male or female, to enter into any agreement with a

person of the opposite sex for the purpose of having illicit sex relations with such person for consideration in money or other property."

Defendants demurred to the charge contending it was vague, indefinite and overbroad in violation of the Georgia Constitution (Code Ann. §§ 2-102, 2-103) and the 5th and 14th Amendments of the United States Constitution. Another attack thereon was that it concerns matters pre-empted by state law and therefore was in conflict with laws of a general nature having uniform operation throughout the state. Code Ann. § 2-401. The demurrers were overruled and defendants found guilty. They immediately filed their petition for writ of certiorari.

The petition was sanctioned and after consideration of the entire record, the judgment of the municipal court was affirmed. Defendants appeal. *Held:*

1. The criminal statutes of this state are in derogation of the common law and must be strictly construed. *Riley v. Garrett,* 219 Ga. 345 (1) (133 SE2d 367).

2. A municipal ordinance is nothing more than a special law limiting its application to the territory embraced within the municipality. *Giles v. Gibson,* 208 Ga. 850 (69 SE2d 774).

3. Even though a special law deals with some remote subject matter embraced in the general law, which segment or element is not dealt with by the general law, does not alter the fact that such a special law is enacted in a case where provision has been made by an existing general law. See *City of Atlanta v. Hudgins,* 193 Ga. 618, 623 (19 SE2d 508); *Giles v. Gibson,* 208 Ga. 850, 852, supra; *Jenkins v. Jones,* 209 Ga. 758 (1) (75 SE2d 815); *City of Columbus v. Atlanta Cigar Co.,* 111 Ga. App. 774 (143 SE2d 416).

4. The State of Georgia by general statute having pre-empted the field by defining illicit sexual relations in such statutes as Code Ann. §§ 26-2002 (sodomy), 26-2009 (adultery), 26-2010 (fornication), and 26-2012 (prostitution), and others, shows clearly that any one of the above-named could be covered by the city ordinance in having "illicit sexual relations . . . for consideration in

money or other property." Incidentally masturbation for hire is now a crime. See Code Ann. § 26-2021, effective July 1, 1975.

The ordinance in question here, having the force and effect of law, is a special law enacted in a case for which provision has been made by the existing general law. The ordinance is void because it is in violation of Code Ann. § 2-401 of the Georgia Constitution.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED JULY 1, 1975 — DECIDED JULY 14, 1975.

*Glenn Zell,* for appellant.
*John E. Dougherty,* for appellee.