51962, 51963. EVANS v. CITY OF TIFTON (two cases).

EVANS, Judge.

In the early morning hours of July 30, 1974, Willie C. Evans was stopped while driving on the streets of Tifton on the suspicion of driving under the influence of intoxicants. An altercation occurred between Evans and the police officer, both on the street and later at the police station. Evans was charged and convicted in recorder's

court for resisting arrest and disorderly conduct. A writ of certiorari as to each offense was granted and thereafter dismissed. The applicant, Evans, appeals. *Held:*

1. The charge of resisting arrest was formerly one of obstruction of legal process under the former Criminal Code (§ 26-4401). That Code section has been superseded by the new Criminal Code § 26-2505. See *Shaw v. State,* 121 Ga. App. 726 (2), 727 (175 SE2d 150).

2. The applicant was not charged with a misdemeanor but with the violation of a city ordinance of the City of Tifton for resisting arrest, the ordinance of which is shown here as "to resist or obstruct any policeman while in the discharge of his duties."

3. A municipal ordinance is nothing more than a special law limiting its application to the particular municipality. See in this connection *Giles v. Gibson,* 208 Ga. 850 (69 SE2d 774); *Pace v. City of Atlanta,* 135 Ga. App. 399 (2) (218 SE2d 128).

4. The ordinance here was attacked in recorder's court as being void and in violation of Code Ann. § 2-401 of the Georgia Constitution (Art. I, Sec. IV, Par. I of the Constitution of 1945) which clearly states that laws of a general nature shall have uniform operation throughout the state, and a special law cannot be enacted in any case for which provision has been made by an existing general law. The State of Georgia has pre-empted the field in this respect as to the obstruction of an officer or resisting arrest. See Code § 26-2505. The ordinance here was clearly null and void. See *City of Atlanta v. Hudgins,* 193 Ga. 618, 623 (19 SE2d 508); *Giles v. Gibson,* 208 Ga. 850, 852, supra; *Jenkins v. Jones,* 209 Ga. 758 (1) (75 SE2d 815); *City of Columbus v. Atlanta Cigar Co.,* 111 Ga. App. 774 (143 SE2d 416); *Pace v. City of Atlanta,* 135 Ga. App. 399, 400 (3), supra.

5. But the charge of disorderly conduct is more difficult to decide inasmuch as the Criminal Code of Georgia, Ch. 26-26, limits the general charge of disorderly conduct to certain instances, and therein the law clearly states that such charges "shall not be construed to affect the power delegated to counties or municipal corporations to pass laws to punish disorderly conduct within their respective limits." See Code §§ 26-2605, 26-2607.

However the motion to quash (in the nature of a special demurrer or plea in abatement) in the recorder's court contends the offense charged was too general, vague and indefinite, and that it failed to set forth which one of the 11 separate grounds of disorderly conduct as set forth in the city ordinance applicant allegedly violated. Under the circumstances here, certain types of disorderly conduct are considered to be a misdemeanor under the state law, and the City of Tifton has adopted its ordinance with 11 sub-sections of disorderly conduct. The motion to quash as made by the applicant and admitted by the recorder shows clearly the charge was too vague and indefinite to apprise him of the offense he allegedly committed. While the cases cited by the applicant involved an indictment or accusation, and the law of this state requires same to be perfect in form and substance, nevertheless, the substance of the charge should have been made other than by the mere use of the words "disorderly conduct" in that the applicant may have been charged with an offense covered by a misdemeanor charge of the state Code which would have been unconstitutional as shown under the charge "resisting arrest" above in Division 4. See *Robinson v. State,* 93 Ga. App. 203 (91 SE2d 52); *Hillery v. State,* 51 Ga. App. 373 (180 SE 499); *Gravitt v. State,* 36 Ga. App. 301 (136 SE 829); see also *Cochran v. State,* 62 Ga. 731, 733.

6. The applicant's motion showed it to be in the nature of a special demurrer or plea in abatement. The court erred in denying the motion, as substance of pleadings, not mere nomenclature, controls. See *Girtman v. Girtman,* 191 Ga. 173, 180 (4) (11 SE2d 782); *Chance v. Planters &c. Cooperative,* 219 Ga. 1, 5 (131 SE2d 541); *McDonald v. State,* 222 Ga. 596 (1), 597 (151 SE2d 121). Under these circumstances, this ruling renders all other proceedings on the "disorderly conduct" charge nugatory, and we need not review any other enumerations of error.

*Judgment reversed. Pannell, P. J., and Marshall, J., concur.*

ARGUED APRIL 7, 1976 — DECIDED APRIL 16, 1976.

Kelley, Allen & Kelley, Roy Benton Allen, Jr., for appellant.
Owens & Hilyer, Seymour S. Owens, for appellee.