## 52979. SANDERS v. CITY OF COLUMBUS.

MCMURRAY, Judge.

Captain Jerry D. Sanders, a member of the Georgia Army National Guard, was arrested for speeding within

the city limits of Columbus while in the performance of his military duties in returning to Columbus, his home duty station, from Fort Stewart, Georgia. Captain Sanders seeks to invoke the privileges of militiamen set forth in Code § 27-204 and Code Ann. § 86-1103 (Ga. L. 1955, pp. 10, 102).

Defendant Sanders was convicted in Recorder's Court of the City of Columbus on the charge of the offense of speeding in violation of "Sec. 20-5.3 City Code," and sentenced to pay a fine of $27 or to serve 10 days. A bond was made, and on appeal from the Recorder's Court to the State Court of Muscogee County defendant moved to dismiss which was denied based upon findings of fact, none of which are here contested. A certificate of immediate review was granted, and this court granted defendant's application for an immediate appeal. Defendant appeals. *Held:*

1. An appeal from a decision involving an ordinance of the City of Columbus tried in the municipal court is to the present State Court of Muscogee County where *the case shall be tried de novo.* Ga. L. 1952, p. 2155 et seq.

2. Generally, a municipality may not legislate upon subjects already made offenses and punishable by the laws of the state. *Mayor &c. of Savannah v. Hussey,* 21 Ga. 80; *Adams v. Mayor of Albany,* 29 Ga. 56; *Jenkins v. Mayor &c. of Thomasville,* 35 Ga. 145, 147; *Pace v. City of Atlanta,* 135 Ga. App. 399 (218 SE2d 128); *Evans v. City of Tifton,* 138 Ga. App. 374 (4) (226 SE2d 471). It is noted here that the General Assembly by law has created certain speed restrictions in Code Ann. Ch. 68A-8 (Ga. L. 1975, p. 1582 et seq.) which may be altered by reducing same, but may not increase same beyond "55 miles per hour." Code Ann. § 68A-804, supra. But see such cases as *McRea v. Mayor &c. of Americus,* 59 Ga. 169, 170; and *Menken v. City of Atlanta,* 78 Ga. 668 (3) (2 SE 559); *Evans v. City of Tifton,* 138 Ga. App. 374 (5), supra.

3. Code Ann. § 86-1103, supra, applies to arrests "on any civil process" rather than one involving a breach of the peace, misdemeanor, felony or violation of a municipal ordinance. But Code § 27-204 creates immunity to a militiaman (member of the National Guard), that is, a member of the volunteer forces, from all

arrests during their attendance at drills, parades, meetings, encampments, etc., as covered by Code § 27-204, except treason, felony or *breach of the peace.* We thus have for decision here the question of whether or not the arrest of this National Guardsman on active duty during his annual training activity in returning from Fort Stewart, Georgia, to his duty station at the Georgia Army National Guard Armory at Columbus, Georgia, while allegedly driving 70 m.p.h. on the Manchester Expressway (U. S. Highway 80) was guilty of a breach of the peace, although we do not have the ordinance before us.

A breach of the peace at common law was defined as a violation or disturbance of the public tranquility and order, that is, the breaking or disturbing of the public peace by any riotous, forcible or unlawful proceeding. See Black's Law Dictionary (4th Ed.); *Garvin v. Mayor &c. of Waynesbcro,* 15 Ga. App. 633, 636-639 (84 SE 90). A breach of the peace is therein defined as being disorderly conduct but not all disorderly conduct is necessarily a breach of the peace. At page 636 a number of activities amounting to a breach of the peace are defined, but none of them involve an incident at that early date (1914 and before) such as a traffic violation for speeding as being a disturbance of the portion of the public which may see or hear the conduct claimed to have been disorderly in an activity in the streets and against the public safety.

It is quite evident that a convoy of militia trucks and other vehicles speeding through a village or town or a thickly populated urban area, not under martial law or any government declared emergency, could be guilty of violating the public safety. Such speeding could amount to a breach of the peace. Yet, speeding on a four or six lane highway might not be found to be a breach of the peace, where traffic was unimpeded and does not create a dangerous situation. However, under the facts and circumstances of this case we have insufficient evidence to determine whether the speeding in this instance on an expressway in Muscogee County, City of Columbus, would violate the public safety. In such cases it is a question the court must determine from all the facts and circumstances. See *Kahn v. City of Macon,* 95 Ga. 419, 422

(22 SE 641); *Keck v. Gainesville,* 98 Ga. 423 (25 SE 559); *Sheppard v. City of Jackson,* 11 Ga. App. 811, 812 (76 SE 367). A trial de novo will be held, and the trial court is to hear the matter on all the facts and circumstances involved in this case.

4. The lower court held in its conclusion of law that "the question of immunity in this case is moot," and that the defendant is not entitled to the privilege from arrest for the offense of speeding. As stated above in Division 3, this remains for decision after consideration of all facts and circumstances involved.

5. No doubt the legislative purpose of the immunity statutes was to prevent civil interference with the military on active duty in the performance of duty. This purpose will be served only if the immunity is asserted at the earliest opportunity. The legislative purpose is defeated if the militiaman allows himself to be deterred from the performance of his duty and then raises the privilege for the sole purpose of avoiding the criminal sanctions which he faces.

If the speeding in this case was not a breach of the peace, the arrest was illegal. But, the offense of speeding apparently had been established before the arrest. There is no question here as to the introduction of fruits of an illegal arrest. See *Peoples v. State,* 134 Ga. App. 820 (216 SE2d 604); *LaRue v. State,* 137 Ga. App. 762, 763 (224 SE2d 837).

The statute appears to be a limit upon the police power to momentarily detain as referred to in *Anderson v. State,* 123 Ga. App. 57 (2) (179 SE2d 286). But in Georgia a conviction cannot be avoided simply because of the illegality of the arrest. See *Smith v. State,* 132 Ga. App. 691 (2) (209 SE2d 112) and *Chandler v. State,* 138 Ga. App. 128 (2) (225 SE2d 727), and cits.

Accordingly, the court did not err in denying the motion to dismiss, although not all of the conclusions of law as found in the order of denial are correct.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

ARGUED OCTOBER 13, 1976 — DECIDED NOVEMBER 15, 1976.

*Araguel & Sanders, Jerry D. Sanders,* for appellant.
*Thomas Hughey, Solicitor, Lennie F. Davis, E. H. Polleys,* for appellee.