## 53381. GOLDSTEIN v. CITY OF ATLANTA.

McMURRAY, Judge.

Defendant was charged and convicted of violating a city ordinance of the City of Atlanta (§ 20-52) as being in an intoxicated condition in a street of the city and sentenced to pay a fine of $25. Defendant demurred to the charge as one pre-empted by state law and in violation of the Georgia Constitution, Art. I, Sec. IV, Par. I (Code Ann. § 2-401) which was overruled.

The writ of certiorari issued, and after a hearing as to the constitutionality of the ordinance, the same was denied. Defendant appeals. *Held:*

It is true that Code § 26-2607 as to public drunkenness contains language setting forth that persons who appear in public places in an intoxicated condition are guilty of a misdemeanor. However, this section of the criminal code also states that it shall not be "construed to affect the powers delegated to counties or to municipal corporations to pass laws to punish drunkenness or disorderly conduct within their respective limits." Thus,

while the state in the first instance did appear to have pre-empted the entire field as to public drunkenness, nevertheless it authorizes a municipal corporation to reduce the offense to a mere violation of a municipal ordinance, less than a misdemeanor. The city ordinance is more restrictive, a violation resulting from appearing on the streets of the city, or in any public place or place of business patronized by the public in an intoxicated condition, while Code § 26-2607, supra, is violated only when the condition is made manifest by boisterousness, or by indecent conditions or act, or by vulgar, profane, loud or unbecoming language. "It is well settled, however, that a municipality may by ordinance penalize an act which is forbidden by the penal laws of the state, if there is in the municipal offense some essential ingredient not essential to the state offense, or if the municipal offense lacks some ingredient essential to the state offense." *Morris v. State,* 18 Ga. App. 684, 685 (90 SE 361). See also *Evans v. City of Tifton,* 138 Ga. App. 374 (4,5) (226 SE2d 471); *Sanders v. City of Columbus,* 140 Ga. App. 441 (231 SE2d 473). Accordingly, the court did not err in denying the petition for writ of certiorari after having sanctioned it.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 31, 1977 — DECIDED MARCH 9, 1977 — REHEARING DENIED MARCH 29, 1977 — 

*Lawrence L. Schneider,* for appellant.
*Mary Welcome,* for appellee.