## 33655. LAMBERT v. CITY OF ATLANTA.

NICHOLS, Chief Justice.

Appellant was tried and convicted in the Municipal Court of the City of Atlanta for two violations of a city ordinance prohibiting loitering in a public place for the purpose of soliciting for prostitution or sodomy. On writ of certiorari to the Superior Court of Fulton County, her convictions were affirmed. She appeals to this court upon constitutional grounds.

The ordinance in issue provides in relevant part: "It shall be unlawful for any person to loiter in or near any thoroughfare or place open to the public in a manner and under circumstances manifesting the purpose of inducing, enticing, soliciting or procuring another to commit an act of prostitution or sodomy. Among the circumstances which may be considered in determining whether such purpose is manifested are: that such person is a known prostitute, pimp, or sodomist, repeatedly beckons to, stops or attempts to stop, or engages passers-by in conversation, or repeatedly stops or attempts to stop motor vehicle operators by hailing, waving of arms or any bodily gesture. No arrest shall be made for a violation of this subsection unless the arresting officer first affords such person an opportunity to explain such conduct, and no one shall be convicted of violating this subsection if it appears at trial that the explanation given was true and disclosed a lawful purpose."

1. Appellant argues that the ordinance denies her equal protection and due process in violation of the Constitution of the United States in that it is vague, overbroad and leaves in the hands of an arresting officer unfettered discretion to determine whether an offense has been committed.

The ordinance is not subject to this challenge since it details specific, prohibited conduct in language that is sufficiently definite to give a person of ordinary intelligence fair notice of what conduct is forbidden; and it gives to the police explicit standards, thereby avoiding the dangers of arbitrary and discriminatory enforcement. People v. Smith, 23 Cr. L. 2341 (App. Div. NY, 6-15-78). The ordinance does not forbid loitering in public places, including legal "window shopping." Rather, it is strictly limited to loitering in a public place for specific, illegal purposes. State v. City Court of Tucson, 21 Ariz. 489 (520 P2d 1166) (1974). The provision giving the suspect an opportunity to explain his or her conduct does not require a different result. "[T]he opportunity to explain afforded by the ordinance is a safeguard designed to prevent wholesale preventive arrests—a practice which *is* repugnant to the constitutional guarantees of individual freedom." City of Seattle v. Jones, 3 Wash. App. 431, 439 (475 P2d 790, 796) (1970), affd. 79 Utah 2d 626 (488 P2d 750) (1971).

2. Appellant also contends that the ordinance conflicts with "Georgia Constitution, Article I, Section IV, Paragraph I" and with "Article I, Section I, Paragraphs 2 and 3 of the Georgia Constitution." At the time of her convictions in September and November of 1977, the 1976 Constitution had become effective. Constitution of Georgia of 1976, Art. XIII, Sec. I, Pars. II, III and IV (Code Ann. §§ 2-7002, 2-7003 and 2-7004). Article I of the 1976 Constitution contains no Sec. IV, and Pars. II and III of Art. I, Sec. I are concerned with religious freedoms. Nonetheless, this court is able to ascertain that appellant means for her attacks to be based upon the due process and uniformity provisions of our current Constitution. The uniformity clause of the Constitution of 1976 is to be found as Art. I, Sec. II, Par. VII (Code Ann. § 2-207). The due process and equal protection clauses of the Constitution of Georgia currently are to be found, respectively, in Art. I, Sec. I, Par. I (Code Ann. § 2-101) and in Art. I, Sec. II, Par. III (Code Ann. § 2-203). Under the liberalized rules of pleading currently in effect pursuant to the Civil Practice Act (Ga. L. 1966, p. 609 et seq.; Code Ann. Title 81A), this court will reach and decide these constitutional

challenges.

3. The due process and equal protection attacks upon the Constitution of Georgia of 1976 are without merit for the reasons stated in Division I of the present opinion.

4. Appellant asserts that the City of Atlanta ordinance violates the uniformity clause of the Constitution of Georgia of 1976, Art. I, Sec. II, Par. VII (Code Ann. § 2-207), in that it is a special law enacted in a case for which provision has been made by general state criminal laws regarding prostitution and sodomy—that is, Code Ann. §§ 26-2003 and 26-2012. This court must agree and must reverse. *City of Atlanta v. Hudgins,* 193 Ga. 618, 623 (19 SE2d 508) (1942); *Giles v. Gibson,* 208 Ga. 850, 852 (69 SE2d 774) (1952). See also *Pace v. City of Atlanta,* 135 Ga. App. 399 (218 SE2d 128) (1975).

Additionally, the ordinance must fall because of the mandate of Code Ann. § 69-1018 (2), which limits the power of municipalities to enact ordinances defining criminal offenses and providing for their punishment when the state has preempted the field.

The present case must be distinguished from *Gordon v. Green,* 228 Ga. 505 (186 SE2d 719) (1972), and *Goldstein v. City of Atlanta,* 141 Ga. App. 701 (234 SE2d 344) (1977), cert. dismissed, 239 Ga. 843 (1977), in which the General Assembly by general law specifically had authorized the municipalities to legislate narrowly in areas otherwise preempted by the state. Municipalities have not been authorized by general law to enact ordinances proscribing the solicitation for sodomy or prostitution.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 19, 1978 — DECIDED NOVEMBER 21, 1978 — REHEARING DENIED DECEMBER 5, 1978.

*Glenn Zell,* for appellant.
*Mary Welcome, Solicitor, Paul Howard, Assistant Solicitor,* for appellee.