## 33826. EDMONDS v. CITY OF ALBANY.
## 33827. HOMER v. CITY OF ALBANY.

MARSHALL, Justice.

The appellants were convicted in recorder's court of violation of a municipal ordinance of the City of Albany, Code 1963, § 16-6, which provides, "No person shall wilfully fail or refuse to comply with any lawful order or direction of a police officer." On writ of certiorari to the Superior Court of Dougherty County, the convictions were affirmed, giving rise to the present appeal.

1. The attack in recorder's court on the constitutionality of the municipal ordinance on the ground that it is void and in violation of Art. I, Sec. IV, Par. I of the Georgia Constitution of *1945* (Code Ann. § 2-401), is treated as properly raising the issue with respect to Art. I, Sec, II, Par. VII of the *1976* Constitution (Code Ann. § 2-207), the wording of which is identical to that in the 1945 Constitution. See *Lambert v. City of Atlanta,* 242 Ga. 645 (2) (1978).

2. The ordinance is subject to the appellants' constitutional attack. The State of Georgia has preempted the field in this respect by the enactment of Code Ann. § 26-2505 (Ga. L. 1968, pp. 1249, 1313): "Any person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." In *Wooten v. State,* 135 Ga. App. 97 (1) (217 SE2d 350) (1975), the Court of Appeals held that the defendant's wilful failure or refusal to comply with a lawful order or direction of a police officer (the conduct prohibited by the municipal ordinance in question) constituted a violation of Code Ann. § 26-2505, supra. See *Lambert v. City of Atlanta,* supra, (4), and cits. In the case sub judice, similarly to the situation in *Lambert,* there has been no legislative authorization for municipalities to enact ordinances proscribing the conduct within the purview of Code Ann. § 26-2505, supra.

*Judgment reversed. All the Justices concur, except Jordan and Bowles, J J., who dissent.*

SUBMITTED JULY 14, 1978 — DECIDED NOVEMBER 21, 1978.

*Young & Associates, Sharon L. Tucker,* for appellant.

*James Davis,* for appellee.

*Hinson McAuliffe, Solicitor, Charles Hadaway., Assistant Solicitor,* amicus curiae.