## 58592. RUSHING v. CITY OF PLAINS.

BIRDSONG, Judge.

The appellant Rushing was convicted in the City of Plains Recorder's Court of a violation of a city ordinance which proscribes a refusal to comply with the lawful order of a police officer. Rushing appealed his conviction to the Superior Court of Sumter County. At a trial de novo before a jury, Rushing was again convicted and sentenced to pay a fine of $19 or, upon failure to pay the fine, to serve thirty days in the county jail. Rushing filed a motion for new trial which was denied. This appeal followed. *Held:*

1. This case is controlled by *Cochran v. City of Rockmart,* 242 Ga. 732 (251 SE2d 259). That case held at p. 734: "The writ of certiorari is a constitutional as well as a statutory remedy. The legislature has provided by general law the manner and means for carrying out this constitutional provision. The only power and authority given by the constitution to the superior courts to correct errors in inferior courts, is by the writ of certiorari." It follows that the Superior Court of Sumter County was without jurisdiction to entertain an appeal from the recorder's court of the City of Plains. All proceedings in the superior court emanating thereon are without legal effect. See *Daniel v. City of Lawrenceville,* 151 Ga. App. 333 (259 SE2d 720). The enumerations of error raised by Rushing are rendered moot by our disposition in this division of our opinion.

2. Rushing also contends that the city ordinance is unconstitutional because the state preempted the field by the enactment of Code Ann. § 26-2505 (Ga. L. 1968, pp. 1249, 1313) which provides: "Any person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." *Edmonds v. City of Albany,* 242 Ga. 648 (250 SE2d 458). This contention was first made at oral argument and was supported by argument in his brief and supplemental brief. Rushing did not challenge the constitutionality of the city ordinance either in the recorder's court or the superior court. His attempt to raise this issue on appeal is not timely. *Kosikowski v. Kosikowski,* 243 Ga. 413, 414 (254 SE2d 363); *Moore v.*

*State*, 148 Ga. App. 14 (251 SE2d 17). The claimed unconstitutionality of this ordinance not being timely or properly raised, it is not invalid insofar as this appeal is concerned. *Kosikowski v. Kosikowski*, supra.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

ARGUED OCTOBER 17, 1979 — DECIDED JANUARY 8, 1980.

*Millard D. Fuller*, for appellant.
*William Murray, John Parks*, for appellee.