A97A1809. WILLIAMS v. THE STATE.
(492 SE2d 708)

BIRDSONG, Presiding Judge.

Following a bench trial in the State Court of Troup County, Walter Lee Williams was convicted of misdemeanor obstruction of a police officer. Appellant challenges the sufficiency of the evidence to support his conviction.

The evidence of record shows inter alia that at 1:00 a.m. on October 18, 1996, LaGrange Police Officer J. Bradshaw responded to an emergency 911 call reporting a simple battery. Over the telephone,

the victim provided the location of the offense and a description of the perpetrator. One block from the incident location, the officer spotted appellant standing with a group of men, who were all conversing loudly; appellant closely fit the description given by the victim. Bradshaw stopped his patrol vehicle, exited, and called appellant away from the group in order to talk to him about the simple battery; the appellant went to the officer's patrol car as directed but only after engaging in boisterous conduct toward the officer. Appellant's speech was slurred, he was unsteady on his feet, and a strong smell of alcohol emanated from his person. When the officer noticed that appellant was intoxicated, he arrested appellant for public drunk. Appellant attempted to walk away. Officer Bradshaw reached out to stop him, and appellant put his fists up in a threatening manner, shouting, "I'm not going to stop, spray me, spray me, spray me." The officer utilized his pepper spray. The officer and the appellant wrestled, and after a backup patrol unit arrived, appellant was also charged with obstruction.

During the bench trial, the trial court granted a directed verdict as to the offense of public drunkenness based upon the State's failure to introduce a local ordinance proving the offense. See, e.g., *Mayor &c. of Savannah v. TWA, Inc.*, 233 Ga. 885, 887 (214 SE2d 370). Appellant was convicted of misdemeanor obstruction.

Appellant contends that his arrest for public drunk was without probable cause and was thus unlawful; appellant posits that since his arrest was unlawful, he had a right to resist it by shouting at the officer and attempting to walk away; therefore, appellant argues, the evidence was insufficient to support his conviction for obstruction. *Held*:

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737).

2. Appellant was charged, by accusation, with the offense of misdemeanor obstruction; the charge pertinently averred that appellant did "unlawfully hinder Officer Bradshaw [the arresting officer] by shouting at the officer and walked away from Officer Bradshaw] contrary to the laws of said State, the peace, good order, and dignity thereof." To sustain appellant's conviction of misdemeanor obstruction, the State was required to prove as an essential element of the offense that the obstruction occurred while the officer was in the lawful discharge of his official duties. *Woodward v. State*, 219 Ga. App. 329, 330 (1) (465 SE2d 511). "An essential element of the offense of obstruction of an officer is that the State prove beyond a reasonable

doubt that the obstruction occurred while the officer was in the lawful discharge of his official duties. A police officer is not discharging his lawful duty when he arrests an individual without reasonable or probable cause. If there is probable cause to believe a person committed a crime, if a crime is committed in the officer's presence or within his knowledge, or if there is a likely failure of justice, an arrest without a warrant is authorized; otherwise it is not." (Citations, punctuation and emphasis omitted.) Id.

The State failed to prove that appellant had committed the crime of public drunkenness in violation of a municipal ordinance, as the existence and elements of the ordinance were not proved. Compare *Woodward*, supra at 331. However, the evidence of record is legally sufficient to establish that, prior to his arrest, appellant had committed the offense of public drunkenness in the arresting officer's presence in violation of OCGA § 16-11-41. Such public drunkenness would provide the officer with legitimate grounds lawfully to arrest appellant. OCGA § 17-4-20 (a).

OCGA § 16-11-41 (a) pertinently provides: "A person who shall be and appear in an intoxicated condition in any public place . . . , which condition is made manifest by *boisterousness*, by indecent condition or act, or by vulgar, profane, *loud, or unbecoming language*, is guilty of a misdemeanor." (Emphasis supplied.) This Court has held that being loud and boisterous in addition to being drunk in public prior to arrest is sufficient probable cause for a warrantless arrest. *Young v. State*, 155 Ga. App. 598, 599 (2) (271 SE2d 731) (mad tone of voice; not shouting but loud enough so anyone in the parking lot could have heard her if they had listened). The arresting officer testified that he determined appellant was intoxicated from his manner of walking, slurred speech, and the strong smell of an alcoholic beverage emanating from his person. Prior to his arrest, appellant created a disturbance when he was temporarily detained (that is, when he was initially stopped) so he could be questioned about the simple battery by becoming "loud and boisterous, stating that he was not going to stop and attempted to walk away from [the arresting officer]." Although, the arresting officer also initially made a broad statement on direct examination that he placed appellant under arrest for public drunk to hold him at the scene and "that's when he became loud and boisterous and combative," he thereafter clarified what had occurred prior to appellant's arrest during the following cross-examination colloquy: "[Appellant's counsel] At the time you initially saw him was he loud and boisterous at the time when you first saw him? [Arresting Officer] Yes. He was walking . . . with a group of other . . . males and they were — he was loud, yes, some of the others were doing the same thing, but he was loud and just talking very loud. [Counsel] What was he saying in a boisterous man-

ner. . . ? [Officer] Boisterously, he was just talking with the other men loudly. [Counsel] Then you're saying to me that by talking loud he was being boisterous? [Officer] No. What I meant *he was boisterous to me when I told him to come over to the vehicle so I could stop and interview him* as a possible suspect. [Counsel] So then it's true then at the time you initially saw him *before* you ever had him come to you, he was not violating the law, was he? [Officer] Not at that time." (Emphasis supplied.)

This testimony, when viewed sequentially in a light most favorable to supporting a verdict, establishes that the arresting officer observed appellant, who appeared to match the I.D. of the battery suspect who had been described by the 911 caller with a group of men and that appellant and a few others were talking very loudly; appellant was then told to come over to the officer's vehicle (which would have resulted in appellant's temporary detention based on the officer's articulable suspicion); appellant at this point in time, however, became loud and boisterous and directed remarks toward the officer, stating that he was not going to stop and walking away; the officer then attempted lawfully to arrest appellant for public drunkenness and the appellant engaged in the obstruction of the officer who was in the lawful discharge of his official duties. Thus, a review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

Suffice it to re-emphasize that cardinal appellate principle, applicable in the review of all criminal cases, that "[o]n appeal the evidence must be viewed in a light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." *Grant v. State*, supra at 464. All that is required for an officer to make a lawful warrantless arrest is for him to have the requisite probable cause. Thus, if at the time of arrest the officer had a reasonable belief that the person he was arresting had committed a crime in his presence or within his knowledge, the officer would have probable cause for the arrest. *Woodward*, supra. The fact that the trial court granted a directed verdict of acquittal as to the charge of public drunk is immaterial to a probable cause analysis; an arrest may still be lawful even though an accused may subsequently be found not guilty of the charge for which he was arrested. *Brooks v. State*, 166 Ga. App. 704, 706 (305 SE2d 436). Moreover, the inconsistent verdict rule does not apply in criminal cases in this state. *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216). (Incidentally, the trial court also denied the motion

for a directed verdict of acquittal as to the obstruction of an officer charge.) In concluding that the evidence in this case was sufficient, we have considered the totality of the officer's testimony. There exists ample evidence from which a rational trier of fact (the trial judge in this bench trial) could conclude that the officer had probable cause to arrest appellant for being drunk in public and to find beyond a reasonable doubt that appellant was guilty of misdemeanor obstruction. The analysis of the dissent notwithstanding, this Court declines to weigh the relevant evidence of record or to determine witness credibility, as that is not the function of this appellate body. Rather, we have examined the record to determine whether the evidence was sufficient, within the standard of *Jackson v. Virginia*, supra, to support the verdict of guilty and conclude that it was when it is viewed, as this Court is required by law to do, in the light most favorable to support the verdict of the trier of fact.

*Judgment affirmed. Andrews, C. J., Pope, P. J., Johnson, Blackburn and Ruffin, JJ., concur. Eldridge, J., dissents.*

ELDRIDGE, Judge, dissenting.

The majority's analysis regarding probable cause to arrest appellant for public drunk is irrelevant because resisting arrest for public drunk was not the basis upon which the trial court found appellant guilty of obstruction. In fact, the trial court never arrived at the conclusion fashioned solely by the majority in upholding appellant's conviction for misdemeanor obstruction.[1]

At trial the prosecutor conceded, "I think he's entitled to a directed verdict as to the public drunk charge because the officer did testify that he *didn't see any of the behavior that would be the foundation for an arrest on a public drunk charge.*" The police officer's testimony and the failure to prove the municipal ordinance forced the State to concede that probable cause to arrest appellant for public drunk did *not* exist.[2]

---

[1] The State did not bother to file a brief in this case.

[2] The testimony of the police officer on direct examination was clear: "I was attempting to — at first he was a suspect for the simple battery and then I noticed he was drunk, so I placed him under arrest and told him he was under arrest for public drunk to hold him at the scene, *that's* when he became loud and boisterous and combative." The requisite element of "boisterous" conduct necessary to support an arrest for the offense of public drunk under OCGA § 16-11-41 did not occur until *after* the officer had already arrested appellant for public drunk, presumably under the municipal ordinance which did not require the additional manifestation of boisterous conduct. See, e.g., *Goldstein v. City of Atlanta*, 141 Ga. App. 701 (234 SE2d 344) (1977). Even the prosecutor recognized that all of the evidence of "boisterousness" cited by the majority occurred *after* the arrest and was in reaction thereto, and that the State's failure to introduce the municipal ordinance at trial proved fatal to the establishment of probable cause to arrest for public drunk. *Woodward v. State*, 219 Ga. App. 329 (465 SE2d 511) (1995). That is why the prosecutor, and thus the trial court, abandoned the issue.

Rather than lose on the obstruction charge, however, the prosecution changed its tactics and argued that the basis for the obstruction was *not* the public drunk arrest, but was appellant's failure to cooperate with the police investigation of the 911 call: "I don't think you can distinguish and say, well, *because he didn't have probable cause to arrest him for public drunk*, he therefore didn't have probable cause to arrest him for obstruction. This case is not four squares on point with the case that Mr. Patterson [defense] is citing and in fact Officer Bradshaw had every right, not just right, obligation to detain Mr. Williams and talk to him long enough to find out what was going on whether or not, in fact, there was a basis for looking into him as a suspect on the simple battery call that he was responding to." The prosecutor argued to the court that the obstruction charge arose *"not* because he was resisting a public drunk arrest . . . as I've pointed out Officer Bradshaw had *other* good and valid and legal grounds to detain and question Mr. Williams . . . he was attempting to detain this individual and discuss a 911 call that he'd been dispatched to, he broke away from him, he raised his fist in an aggressive manner, he had to be physically restrained by two police officers in order to effect an arrest and that's clearly obstruction."

*The trial court agreed with this revised basis for the obstruction charge*: "I'm going to find the defendant guilty of the obstruction of an officer along the lines of the argument that Mr. Kirby [prosecutor] just made in closing."

Despite the State's concession that the officer did *not* have probable cause to arrest appellant for public drunk, and despite the trial court's finding that the obstruction arose *not* from appellant's arrest on public drunk, but from his refusal to be detained for police questioning, the majority decides herein that, "There exists ample evidence from which a rational trier of fact (the trial judge in this bench trial) could conclude that the officer had probable cause to arrest appellant for being drunk in public and to find beyond a reasonable doubt that appellant was guilty of misdemeanor obstruction." Since the rational trier of fact never reached such a conclusion, the majority's analysis is immaterial to the sufficiency of the evidence issue raised by appellant.

This is not a "throw away" case. A misdemeanor criminal conviction is entitled to the same sufficiency of the evidence analysis afforded to a more "serious" offense or to a civil dispute. In conducting such analysis, it must be recognized at the outset that the evidentiary basis for a jury verdict is usually unknown to this Court; thus, if there is some evidence of record sufficient to support the verdict, we will affirm it. *Myers v. State*, 184 Ga. App. 618, 619 (362 SE2d 92) (1987). Herein, however, this Court is privy to the basis upon which the trier of fact found appellant guilty of obstruction and

must search for some evidence of record to support the trial court's ruling in order to affirm the verdict based thereon. We are not free to substitute our analysis of the evidence for the trier of fact's conclusions.

In this case, the accusation charged appellant with obstruction of an officer in that appellant "shout[ed] at the officer and walked away." At trial, the only witness to the obstruction offense, Officer Bradshaw, testified that the conduct which gave rise to the obstruction as alleged in the accusation occurred when appellant resisted arrest for public drunk.[3] The majority has determined from this evidence that the conduct which comprised the obstruction offense occurred when appellant resisted a "lawful" arrest for public drunk. The evidence of record *precludes* the trial court's conclusion that the conduct alleged in the accusation occurred as a result of appellant's refusal to be "detained" for police questioning; detained? According to the officer, appellant was already under *arrest* for public drunk when the conduct giving rise to the obstruction charge occurred. Accordingly, there is insufficient evidence for a rational trier of fact to find appellant guilty of obstruction beyond a reasonable doubt on the grounds expressed by the trier of fact.

Although appellant's conviction may be for only a misdemeanor, and although the prosecutor's failure to introduce the ordinance may benefit a possibly "undeserving" defendant, this Court's responsibility to conduct a fair analysis of the sufficiency of the evidence in *all* cases obligates me to dissent.

DECIDED OCTOBER 2, 1997.

*Jackie G. Patterson, Yasma Patterson*, for appellant.
*Louis J. Kirby, Solicitor*, for appellee.

---

[3] "[Q:] The basis of the obstruction of an officer charge is what? [A:] When I physically put my hands on him to stop him from leaving the crime scene and then placing him under arrest for public drunk, he pulled away, shook his fist[.] [Q:] Officer, you've stated that you had already arrested him for public drunk before you charged him with obstruction, is that correct? [A:] This is true. [Q:] And you testified that the basis of the obstruction charge was because you arrested him for public drunk and he refused to stop walking away from you, is that correct? [A:] That, and lifted his hand in a threatening manner, yes. [Q:] [Y]ou charged him with obstruction after you arrested him for public drunk? [A:] This is true."