## 60181. JACKSON v. THE STATE.

BANKE, Judge.

The appellant was convicted of burglary based upon evidence obtained after the vehicle in which he was riding was stopped by an officer of the Douglas County Sheriff's office. The principal issue on appeal concerns the constitutionality of the "stop" of the vehicle and the ensuing seizure of evidence from it.

The facts show that an officer of the county sheriff's department was returning to the police station from his home on the afternoon of February 12, 1979, when he noticed a Chevrolet Vega, with a Fulton County tag, occupied by three men. His attention was drawn to the vehicle because it was moving at only about 10 miles an hour in a very sparsely inhabited residential area, and the men were all looking to their right in the direction of two homes. The officer, himself a resident of the area, knew that it had been the locale of a series of recent burglaries, including a daylight burglary about a mile away some 19 days before. After passing the two homes slowly, the car speeded up somewhat. Based on his observations, and on his knowledge of the previous burglaries, the officer stopped the vehicle. While checking for operator's license and identification, he observed what he believed to be burglar's tools in plain view. This evidence was admitted following the denial of a motion to suppress. *Held:*

1. Appellant contends in the language of the United States Supreme Court that "except where there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment." Delaware v. Prouse, 440 U. S. 648 (99

SC 1391, 59 LE2d 660) (1979). However, we conclude, as did the trial court, that the officer had an "articulable suspicion" sufficient for a brief intrusion recognized by the United States Supreme Court. "[A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." Terry v. Ohio, 392 U. S. 1, 22 (88 SC 1868, 20 LE2d 889). "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response ... A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. Adams v. Williams, 407 U. S. 143, 145 (92 SC 1921, 32 LEd 612)." *Allen v. State,* 140 Ga. App. 828, 831 (232 SE2d 250) (1976). There is no suggestion in the testimony of the officer that the "stop" in this case was the harrassing intrusion condemned by Delaware v. Prouse, supra. The officer's inspection of the driver's operator's license and identification were incidental to his stop of the vehicle based on an "articulable suspicion" of possible criminal behavior. This assignment of error is without merit.

2. Appellant next enumerates as error the trial court's denial of his motion for complete recordation of all proceedings including conferences, colloquies, and closing argument. Code Ann. § 27-2401. The trial of this case took place prior to the opinion of this court in which we held that the language of the code requiring that the testimony and proceedings be reported in a felony case entitled the defendant to have the voir dire reported or transcribed. *Graham v. State,* 153 Ga. App. 658 (266 SE2d 316) (1980). In that case it was alleged that the failure to record or transcribe the voir dire was harmful in that the state's attorney had elicited information from a prospective juror prejudicial to the defendant's character, and the testimony could not be reconstructed because the trial judge was unable to recall the matter. In the case before us appellant complains of no error which occurred outside of the recorded transcript. Appellant does complain that the trial court made an adverse comment on his credibility before the jury; however, the colloquy in question was recorded and appears at a point where the transcript shows the jury absent. In effect, appellant alleges, without support, that the record itself is in error. In the absence of any evidence to the contrary, we must presume the record is correct. In any event it is clear that no harm is alleged by appellant which relates to the denial

of his motion for complete recordation.

3. Appellant's additional enumerations of error are not supported by citation of authority or argument and are deemed abandoned. *Morris v. State,* 147 Ga. App. 595 (249 SE2d 668) (1978); Rule 15 (c) (2) of Court of Appeals (Code Ann. § 24-3618 (c) (2)). The purpose of Supplemental Briefs, Rule 12, is to permit counsel to augment, when necessary, argument or citation of authority which accompanied the case in a timely fashion. The rule does not exist to allow the revival of issues deemed abandoned under Rule 15 (c) (2). *Johnson v. Heifler,* 141 Ga. App. 460 (6) (233 SE2d 853) (1977).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED JULY 1, 1980 — DECIDED JULY 16, 1980.

*Virginia B. Garrett,* for appellant.
*William A. Foster, III, District Attorney, Jeff Richards, Assistant District Attorney,* for appellee.