A90A1384. THE STATE v. MILLER.

(397 SE2d 508)

BANKE, Presiding Judge.

This is an appeal by the state from the grant of a motion to suppress evidence in a prosecution for possession of cocaine with intent to distribute.

At approximately 2:45 p.m. on March 21, 1989, the Savannah police received a telephone tip from an anonymous caller to the effect that two black males were en route to Savannah from Frogmore, South Carolina, traveling in a gray Honda with a Georgia license plate ending in "323" and carrying a large amount of crack cocaine. This information was relayed to Officer Michael Hollis of the Savannah Police Department, who responded by setting up a surveillance of incoming motorists at the Talmadge Bridge. At approximately 4:15 p.m., he observed two black males cross the bridge into Savannah in a gray Honda bearing Georgia license plate number "NZW 323." He then followed this vehicle through the city in his unmarked car until it pulled to the side of a street and stopped. Upon seeing the individual on the passenger side exit the vehicle and start to walk away, Officer Hollis confronted him, identified himself as a police officer, and instructed him to place his hands on the vehicle. The appellee, who was seated in the driver's seat, was similarly instructed to get out and place his hands on the vehicle.

At this time a second Savannah police officer, who had arrived on the scene to assist Officer Hollis, asked the appellee for his driver's license. The appellee responded that he did not have one and was thereupon placed under arrest for driving without a license. During a search of his person conducted incident to his arrest, 11 small, clear plastic coin envelopes were discovered inside one of his pockets. Officer Hollis testified that "[a]fter we found the coin envelopes . . ., which through my experience, is . . . commonly used to package crack cocaine and marijuana, we went in to inventory the vehicle at the time." During their search of the vehicle, the officers found a partially burned marijuana cigarette inside a matchbox in the vehicle's ashtray and then discovered a hidden compartment containing crack cocaine near the steering wheel. The trial court granted the appellee's motion to suppress this contraband based on a determination that the anonymous caller's tip was insufficient to establish probable cause to arrest the appellee or to search the automobile. *Held*:

While we agree with the trial court that the tip provided by the anonymous caller failed to establish probable cause for an arrest or search, we hold that, having verified all of the information provided by the caller which could be verified without effecting a seizure of the vehicle or its occupants, Officer Hollis did have reasonable and articulable grounds to detain the appellee and his companion briefly for the limited purpose of ascertaining their identity and conducting a driver's license and vehicle registration check. See *Mallarino v. State*, 190 Ga. App. 398, 401 (379 SE2d 210) (1989). Accord *Chumbley v. State*, 180 Ga. App. 603 (349 SE2d 823) (1986); *State v. Noble*, 179 Ga. App. 785 (347 SE2d 722) (1986); *Jackson v. State*, 155 Ga. App. 386 (1) (271 SE2d 32) (1980). See also *Brisbane v. State*, 233 Ga. 339 (211 SE2d 294) (1974). Having lawfully detained the appellee, the officers acquired probable cause to arrest him based on his statement that he did not have a valid driver's license. "In *New York v. Belton*, 453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981), the United States Supreme Court held that a contemporaneous warrantless search of the interior of a motor vehicle conducted in connection with a custodial arrest of the vehicle's driver may be considered a lawful search incident to arrest even though the vehicle is no longer occupied." *Maddox v. State*, 188 Ga. App. 883, 884 (1) (374 SE2d 810) (1988). See also *Coley v. State*, 177 Ga. App. 669 (1) (341 SE2d 9) (1986). Therefore, we conclude that the search of the vehicle was authorized as a search incident to arrest and that the trial court consequently erred in granting the appellee's motion to suppress the contraband seized from the vehicle.

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 27, 1990.

*Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney,* for appellant.

*Cail & Cail, Kenneth H. Cail, Jr., George T. Jackson,* for appellee.