## A96A1178. GRIFFIN v. THE STATE.
(479 SE2d 21)

BEASLEY, Chief Judge.

Griffin appeals his convictions of loitering and prowling (OCGA § 16-11-36) and obstruction of a law enforcement officer (OCGA § 16-10-24).

1. He challenges the sufficiency of the evidence to support his conviction of loitering and prowling. It is viewed on appeal in favor of the verdict. *Patterson v. State*, 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986).

The arresting officer was patrolling an area in which numerous arrests had been made for drug transactions, primarily sales of crack cocaine. It was common there for a buyer to drive up and stop, the dealer to come up to the window, and a quick exchange of drugs for money to occur. On this night, the officer observed Griffin standing on the side of the street between two buildings in a lighted area. The officer suspected that Griffin was selling drugs because as he drove past Griffin repeatedly, Griffin would see the officer in the patrol car and back up into the shadows, apparently to avoid being seen or at least identified. The officer observed in his rearview mirror that after he left the immediate area, Griffin would step back out.

The officer parked his car so he could observe whether Griffin was approaching passing motorists. The officer saw a figure appearing to be Griffin approach a stopped car. When the officer circled back, the car was gone, but Griffin had resumed his position at the edge of the shadowy area. While still in his patrol car, the officer pulled up and called to Griffin in an attempt to speak to him to dispel his alarm and concern, but Griffin began to walk away. The officer exited his car and called again as he approached Griffin, who cursed and refused to talk and moved away farther until the officer caught up in an apartment parking lot. The officer stopped him by the arm because he suspected Griffin possessed crack cocaine, based on what he had observed and the circumstances. Griffin whirled around and reared back to hit the officer and attempted to flee. They engaged in a struggle when the officer tried to stop him. Griffin hit, pushed, and kicked the officer, trying to get away, and dragged the officer up the stairs. Eventually Griffin was arrested.

"A person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." OCGA § 16-11-36 (a). "[T]he words ' "under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity" mean those circumstances where peace and order are threatened or where

the safety of persons or property is jeopardized.' [Cit.]" *Bell v. State*, 252 Ga. 267, 271-272 (1) (313 SE2d 678) (1984).

While " 'criminal statutes must be strictly construed against the state,' [cit.]," *Doe v. Bd. of Regents &c.*, 215 Ga. App. 684, 688 (3) (452 SE2d 776) (1994), OCGA § 16-11-36 (a) does not require a threat to the safety of persons in the vicinity only from physical violence, either by its express terms or by construction.

Undeniably, the sale of illegal drugs threatens the safety of the persons to whom the drugs are sold and, in the words of *Bell*, supra, threatens "peace and order." Also, activities associated with the illegal drug trade jeopardize the physical safety of persons who happen to live in, or find themselves in, the vicinity in which that trade is plied. Compare *Blair v. State*, 216 Ga. App. 545, 547 (2) (455 SE2d 97) (1995), where the alarm or concern was for the safety of property. Viewed in the light most favorable to upholding the verdict, the evidence was sufficient to enable a rational trier of fact to find Griffin guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Griffin complains of the trial court's refusal to give two requests to charge the jury on the facts and holding in *Brown v. Texas*, 443 U. S. 47 (99 SC 2637, 61 LE2d 357) (1979). The charges relate to the requirement of a reasonable suspicion as a basis for detention and questioning of a person.

The court did not err in refusing to give these requests. The first was not properly adjusted to the evidence. See *Pruitt v. State*, 211 Ga. App. 654 (2) (440 SE2d 248) (1994). The second was not entirely correct and accurate and concerned a dissimilar Texas statute. *Ogles v. State*, 218 Ga. App. 92, 93 (1) (c) (460 SE2d 866) (1995). The court's charge on the two offenses was complete.

Griffin's conviction for both crimes is affirmed.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED DECEMBER 4, 1996.

*Avrett, Ponder & Withrock, William B. Barnwell*, for appellant.
*Kermit N. McManus, District Attorney, John S. Helton, Assistant District Attorney*, for appellee.