## A02A0795. LAMMERDING v. THE STATE.
### (565 SE2d 908)

JOHNSON, Presiding Judge.

John Lammerding challenges the sufficiency of the evidence supporting his conviction of felony obstruction of law enforcement officers. The challenge is without merit, so we affirm the conviction.

On appeal, we view the evidence in the light most favorable to support the verdict, and we no longer presume that the appellant is innocent.[1] Moreover, we do not weigh the evidence or determine witness credibility.[2] Instead, we only determine if there is sufficient evidence from which the jury could have found the appellant guilty beyond a reasonable doubt.[3]

Viewed in the light most favorable to the verdict, the evidence shows that Carmen Lammerding called the police to report that her husband had been violent toward her. The call was abruptly disconnected by the husband, so two police officers went to the Lammerding house. The officers found Carmen and John Lammerding outside the house and asked if they could all go inside the house to discuss the situation.

Once inside, the officers spoke to the Lammerdings in separate rooms. Carmen Lammerding told one of the officers that she and her husband were in the process of divorcing. She said that she was vacuuming when Lammerding tried to force her to have sex with him. He had been drinking and started arguing with her when he dropped his pants and rubbed his penis on her. She refused his sexual advances, and he became angry. He picked up the vacuum cleaner and threw it into a wall. She then called 911 emergency to report the domestic disturbance. While she was on the phone with the police, Lammerding ripped the telephone cord out of the wall. The officer saw that the telephone cord had been pulled out of the phone jack in the kitchen and that the vacuum cleaner was lying on the floor near a hole in the wall.

Before the officer finished speaking with Carmen, Lammerding appeared in the hallway. The officer asked him to go into another room. Lammerding refused, saying that the officer could not tell him what to do in his own home. The officer then told Lammerding to turn around and put his hands behind his back because he was under arrest. Lammerding did not comply and pulled his hands away from the officer. The other officer intervened, and all three men fell to the floor. One of the officers hit a stepladder and cut his face. Lammer-

---

[1] *Williams v. State*, 228 Ga. App. 698, 699 (1) (492 SE2d 708) (1997).

[2] Id.

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams*, supra at 701 (2).

ding continued to resist, struggling and scratching, but the officers finally subdued and arrested him.

Lammerding was charged by accusation with simple assault against his wife for throwing the vacuum cleaner, and obstruction of the officers for resisting arrest. The case was tried before a jury, which found him not guilty of simple assault, but guilty of obstruction. The trial court entered a judgment of conviction on the verdict, and Lammerding appeals.

He contends that because he was acquitted of simple assault against his wife, his arrest for that assault was unjustified. Thus, he reasons, the felony obstruction charge based on that unjustified arrest was unlawful, and his conviction is not supported by any evidence.

The argument is flawed because Lammerding's acquittal on the assault charge does not render his arrest on that charge invalid. The fact that he was acquitted of simple assault simply means that the jury was not convinced beyond a reasonable doubt of his guilt on that charge. But the standard for arrest is not the beyond a reasonable doubt standard needed for a conviction; rather, it is the lesser standard of probable cause.

> All that is required for an officer to make a lawful warrantless arrest is for him to have the requisite probable cause. Thus, if at the time of arrest the officer had a reasonable belief that the person he was arresting had committed a crime in his presence or within his knowledge, the officer would have probable cause for the arrest.[4]

Here, the arresting officers had probable cause to suspect Lammerding of simple assault based on the statements of his wife that he tried to force her to have sex against her will, became angry when she rebuffed him, and then threw the vacuum cleaner.[5] Her claims were bolstered by other evidence observed by the officers at the scene, including the vacuum cleaner lying on the floor, the hole in the wall, and the telephone cord ripped out of the phone jack. The fact that Lammerding was later acquitted on the simple assault charge is irrelevant to a probable cause analysis; an arrest may still be lawful even though an accused is subsequently found not guilty of the charge for which he was arrested.[6]

---

[4] (Citation omitted.) *Williams*, supra.

[5] A person commits the crime of simple assault when he commits an act which places another person in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-5-20 (a) (2).

[6] *Williams*, supra.

Because the officers lawfully arrested Lammerding for the domestic disturbance, Lammerding's resistance of the officers as they tried to place him in custody amounts to felony obstruction of officers. Anyone who knowingly and wilfully resists or obstructs any law enforcement officer in the lawful discharge of his official duties by offering or doing violence to the officer is guilty of a felony.[7] The evidence in this case is sufficient to authorize the jury's finding that Lammerding is guilty beyond a reasonable doubt of obstructing law enforcement officers.[8]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED MAY 31, 2002.

*Richard O. Allen*, for appellant.
*Patrick H. Head, District Attorney, C. Lance Cross, Dana J. Norman, Assistant District Attorneys*, for appellee.

---

[7] OCGA § 16-10-24 (b).
[8] See *Cornell v. State*, 222 Ga. App. 476, 477 (474 SE2d 634) (1996).