A06A1101. SMITHSON v. THE STATE.
(634 SE2d 184)

SMITH, Presiding Judge.

John Lewis Smithson was charged with manufacturing marijuana and attempting to distribute marijuana following the discovery of several patches of marijuana plants growing in the wooded lot behind his home. The jury deadlocked on the attempt to distribute count (which was then dismissed) but found Smithson guilty of manufacturing marijuana.[1] On appeal, Smithson argues that the trial court should have granted his motion to suppress because the warrantless search and seizure by police was within the curtilage of his home. We disagree and affirm.

"Whether evidence is found within the curtilage of a residence is a mixed question of fact and law. On appeal, we accept the trial court's findings of fact unless clearly erroneous, but owe no deference to the trial court's conclusions of law. Instead, we are free to apply anew the legal principles to the facts." (Citations omitted.) *Espinoza v. State*, 265 Ga. 171, 172 (1) (454 SE2d 765) (1995).

---

[1] Apparently, no trial transcript was prepared and the parties stipulated that "the only transcript necessary for a consideration of the issue on appeal is the transcript of the hearing on the motion to suppress."

Evidence presented at the motion to suppress hearing showed that officers observed, from a helicopter, marijuana plants growing in several small, open areas on wooded property behind Smithson's home. The area where the plants were found was beyond the cut lawn surrounding Smithson's home. A stand of trees separated the open areas from the residence. Officers on the ground searched behind Smithson's home and discovered several well-worn trails leading from the home to cultivated areas where the marijuana plants were growing. Some of the plants were covered with wire mesh. Beside one of the trails, officers found two five-gallon buckets planted with marijuana. Officers seized a total of 64 marijuana plants from these areas. After the plants were seized, Smithson gave officers consent to search his home and property.

Smithson argues that the officers' warrantless search of the property behind his home was a violation of his Fourth Amendment rights because the plants were located within the curtilage of his home.

> The Fourth Amendment to the United States Constitution and Article I, Section I, Paragraph XIII of the Georgia Constitution guarantee the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. The touchstone of Fourth Amendment analysis is whether a person has a constitutionally protected reasonable expectation of privacy. The Amendment does not protect the merely subjective expectation of privacy, but only those expectations that society is prepared to recognize as reasonable. A person may not legitimately demand privacy for activities conducted out of doors in open fields, except in the area immediately surrounding the home[,] i.e., the curtilage.

(Citations, punctuation and footnotes omitted.) *Gordon v. State*, 277 Ga. App. 247, 249 (626 SE2d 214) (2006). "Because Fourth Amendment protections are not applicable to 'open fields' areas, no search warrant is necessary for a search of such areas and, consequently, for the seizure of contraband located during a search of such areas." *State v. Clark*, 263 Ga. App. 480, 487 (d) (588 SE2d 254) (2003).

The United States Supreme Court has identified four factors to consider in determining the extent of a home's curtilage: "the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by." (Citations and footnote omitted.) *United States v. Dunn*, 480 U. S. 294, 301 (II)

(107 SC 1134, 94 LE2d 326) (1987). Here, the evidence showed that the plants were in areas separated by trails leading away from Smithson's mowed lawn. The plants were not growing inside any structure nor were they protected from view. And many of the plants were protected by mesh wire. See *Gordon*, supra, 277 Ga. App. at 250.

Applying the factors set forth in *Dunn*, the areas in question here were not so closely tied to Smithson's home as to warrant Fourth Amendment protection. Under these circumstances, the trial court did not err in concluding that the 64 plants recovered by officers were outside the curtilage of Smithson's home. See *Gordon*, supra, 277 Ga. App. at 250-251.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED JULY 11, 2006.

*Richard Parker*, for appellant.

*Joseph K. Mulholland, District Attorney, Ryan C. Cleveland, Assistant District Attorney*, for appellee.

