## A07A1078. RIVERS v. THE STATE.
(653 SE2d 78)

MIKELL, Judge.

Michael Rivers was found guilty by a jury of possession of cocaine with intent to distribute. He appeals from the denial of his motion for a new trial, enumerating several errors. Because we have concluded that the trial court erred in denying Rivers's motion to suppress the contraband evidence against him, we reverse his conviction.[1]

1. Rivers contends that the trial court erred in denying his motion to suppress evidence of $1,598 in cash, found on Rivers's person at the time of his arrest for assaulting his girlfriend, and 17.1 grams of cocaine, found in his yard later that day. Although we conclude that the trial court did not err in denying Rivers's motion to suppress evidence of the cash found on his person at the time of his arrest, we reverse the trial court's denial of Rivers's motion to suppress as to the cocaine found pursuant to a warrantless search of the curtilage of his residence.

Appellate review of a trial court's ruling on a motion to suppress is governed by three principles. First, in ruling on a motion to suppress, the trial judge sits as the trier of facts; thus, his findings based on conflicting evidence are analogous to a jury's verdict and will not be disturbed on appeal if there is any evidence to support them.[2] Second, the trial court's ruling as to questions of fact and credibility

---

[17] See *Kuehne v. State*, 274 Ga. App. 668, 669 (1) (618 SE2d 702) (2005).
[1] We have considered the incident underlying this appeal on at least one previous occasion. See *Rivers v. State*, 270 Ga. App. 633 (607 SE2d 144) (2004).
[2] *Boldin v. State*, 282 Ga. App. 492, 493 (639 SE2d 522) (2006).

must be accepted unless clearly erroneous.[3] Third, the evidence must be construed most favorably to uphold the trial court's findings and judgment.[4]

(a) So construed, the evidence showed that, on April 15, 2000, Sina Polk complained to police that Rivers, her boyfriend, had assaulted her. Officer H. N. Davidson, of the Atlanta Police Department, testified that he observed that Polk bore visible injuries indicating that she had been the victim of an assault; that he and another officer accompanied her to Rivers's house at 850 Fulton Terrace, so that she could retrieve her belongings; and that Rivers resisted opening the door to police and attempted to flee out the back door. When Rivers finally opened the door to police, he was arrested for assault and searched. Cash in small bills amounting to $1,598 was found on his person.

Rivers contends that his arrest was made without probable cause and therefore that his arrest and the subsequent search of his person were invalid. We disagree. A police officer has the requisite probable cause to make a warrantless arrest "if at the time of arrest the officer had a reasonable belief that the person he was arresting had committed a crime in his presence or within his knowledge."[5] Moreover, specific statutory authority provides for arrests in domestic violence cases.[6] Here, the arresting officers had probable cause to suspect Rivers of assault based on the statements made by Polk, her obvious injuries, and Rivers's attempt to flee. Thus, the cash found on Rivers's person was evidence obtained during a routine search pursuant to a lawful arrest,[7] and the trial court did not err in denying Rivers's motion to suppress this evidence.

(b) Rivers further contends that the contraband evidence seized from the yard of his residence was inadmissible because obtained pursuant to an invalid search. "Whether evidence is found within the curtilage of a residence is a mixed question of fact and law."[8] "On appeal, we accept the trial court's findings of fact unless clearly

---

[3] Id.

[4] Id.

[5] (Footnote omitted.) *Lammerding v. State*, 255 Ga. App. 606, 607 (565 SE2d 908) (2002).

[6] OCGA § 17-4-20 (a).

[7] See *Howard v. State*, 187 Ga. App. 74, 76 (4) (369 SE2d 271) (1988) (cash found on defendant's person obtained during a routine search pursuant to lawful arrest for suspicion of robbery); accord *State v. Miller*, 197 Ga. App. 99, 100 (397 SE2d 508) (1990) (small clear plastic coin envelopes found on defendant's person in search incident to valid arrest for traffic violation).

[8] (Citation and punctuation omitted.) *Smithson v. State*, 280 Ga. App. 421 (634 SE2d 184) (2006).

erroneous, but owe no deference to the trial court's conclusions of law. Instead, we are free to apply anew the legal principles to the facts."[9]

The trial court made no written findings of fact in connection with its denial of Rivers's motion to suppress. However, the court's implied finding that the search took place in a public area, rather than within the curtilage of Rivers's residence, is not supported by evidence in the record. The record indicates that, after Rivers had been arrested, Polk told the officers at the scene that Rivers had hidden drugs that morning in an area in the yard near a fence, at the end of a footpath through the grass, approximately 12 feet from the house. The officers at the scene were not able to find any contraband in plain sight in the area indicated; nor did they seek or obtain a search warrant. Instead, they requested that a drug dog be brought to the scene. The dog immediately alerted to the area in the yard indicated earlier by Polk. There, police found several small plastic bags containing 17.1 grams of cocaine.

When asked where the cocaine was found, Davidson testified that "I guess you would call it the curtilage, yes, it's on the premises"; that the cocaine was hidden "on the property" on the side of the house, in "the hedge area adjacent to the house"; and that the hiding place was along the fence line, approximately 20 feet from the front entrance of the house. He further testified that the back yard of the house was open to an alleyway which ran along the back of the houses on that street. Even if the back yard was exposed to the alley behind it, and not enclosed by the fence next to which the drugs were found, Rivers still would have had a "reasonable expectation of privacy"[10] in this area located "immediately surrounding"[11] his residence, that is, in the curtilage. Thus, contrary to the state's contention, the cocaine was not found during a "free air search" by a drug dog, and the state's reliance on *State v. Simmons*[12] is misplaced.

"Under the Fourth Amendment, police officers are prohibited from entering a person's home or its curtilage without a warrant absent consent or a showing of exigent circumstances."[13] Here, the state does not argue that Rivers gave consent to the search or that exigent circumstances (that is, emergency circumstances,[14] fear for

---

[9] (Citation omitted.) *Espinoza v. State*, 265 Ga. 171, 172 (1) (454 SE2d 765) (1995).

[10] (Citation and punctuation omitted.) Id. at 172 (2).

[11] (Citation and punctuation omitted.) Id.

[12] 283 Ga. App. 141, 143 (640 SE2d 709) (2006) (free air search by drug dog walking around vehicle during lawful traffic stop held valid).

[13] (Footnote omitted.) *State v. Gray*, 285 Ga. App. 124, 126 (1) (645 SE2d 598) (2007).

[14] See *State v. Merit*, 262 Ga. App. 687, 689 (586 SE2d 393) (2003) (warrantless search invalid where officer had no reasonable belief that occupants of apartment needed immediate assistance or that violent crime was taking place).

the officers' safety,[15] or danger of immediate destruction of the evidence[16]) justified the search. The state argues, instead, that there was sufficient probable cause for the search. This argument is without merit. Whether or not there might have been probable cause for a search warrant to be issued, the police did not seek one. The search was invalid.

2. In light of our ruling in Division 1 above, we need not address the other errors enumerated by Rivers.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 25, 2007.

*Brandon Lewis*, for appellant.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.

---

[15] See *Gray*, supra at 127 (2) (warrantless search invalid where officer had no reasonable fear that area to be searched harbored anyone posing danger to officers or others at the scene).

[16] See *Boldin*, supra at 496 (3) (danger of imminent destruction of contraband justified warrantless entry).