A07A2476. BOYD v. THE STATE.
(658 SE2d 782)

ADAMS, Judge.

Lonnie Boyd appeals following his conviction on one count of possession of cocaine, one count of theft by receiving stolen property, and one count of possession of a motor vehicle with identification removed.[1] He asserts as his sole argument on appeal that the trial court erred in denying his motion to suppress evidence. We affirm.

"In considering an appeal from a denial of a motion to suppress, this Court construes the evidence in favor of the trial court's ruling, and we review de novo the trial court's application of the law to undisputed facts." (Citation and punctuation omitted.) *Richards v. State*, 286 Ga. App. 580, 581 (649 SE2d 747) (2007). "This Court will not reverse the trial court's order on a motion to suppress unless it represents an abuse of discretion." (Citation, punctuation and footnote omitted.) *Murphy v. State*, 286 Ga. App. 447, 448 (649 SE2d 565) (2007).

---

[1] Boyd was acquitted on charges of possession of marijuana with intent to distribute and possession of marijuana within 1,000 feet of a public housing project.

So viewed, the record shows that on February 3, 2005, Officer Dean Spata and other officers from the Columbus Police Department were patrolling in a marked police car through a housing project after receiving complaints of illegal drug activity. The officers saw Boyd and another man leaning against a vehicle in front of one of the apartment buildings, facing each other and apparently talking. The other man had a plastic shopping bag, which he tried to conceal after seeing the police car. The man turned and quickly walked to the door of the apartment building, where he began to bang on the door. When Spata stopped the car and started to step out, the man "bolted" around the back of the building. As the officers began to chase the man, Boyd walked across the street and stood on the sidewalk. After determining that the other officers had the man contained, Spata returned to the front of the building, crossed the street and began to talk to Boyd. He asked Boyd what he was doing inside the housing project and whether he lived there. Boyd replied that he did not live in the project and showed the officer identification with a different address. The officer again asked Boyd what he was doing there, and Boyd said that he was waiting for a ride. The officer asked who owned the car Boyd had previously been leaning on, but he did not provide an answer.

Because Spata felt that Boyd had not given an adequate reason for his presence on the scene and in light of Boyd's earlier interaction with the man who was fleeing from police, the officer placed him under arrest for loitering. Spata then searched Boyd and found a clear plastic bag of powder cocaine in his left pocket, car keys and $1,958 in cash. The officer placed Boyd in the back of the police car, and went to look inside the car. Spata observed that it looked like someone had tampered with the vehicle indentification number (VIN) plate. The factory rivets that hold the VIN plate were missing and it appeared to be held into place with some kind of adhesive, raising suspicion that the car had been stolen. The officer ran the VIN through the system and it traced back to a relative of Boyd with his same address. Spata then tried one of the keys he found in Boyd's pocket, and it opened the car's door and started the vehicle. Later investigation determined that the car had been stolen, and that the VIN plate belonging to Boyd's relative, which Spata had observed in the car's front window, actually was from another vehicle and did not belong to the car in the housing project.

Boyd contends that the trial court erred in denying his motion to suppress the evidence seized during Spata's search incident to arrest because Spata lacked probable cause to arrest him for loitering. An officer has the requisite probable cause to make a warrantless arrest, if, considering the totality of the circumstances, "at the time of arrest [he] had a reasonable belief that the [defendant] had committed a

crime in his presence or within his knowledge." (Punctuation and footnote omitted.) *Rivers v. State*, 287 Ga. App. 632, 633 (1) (a) (653 SE2d 78) (2007). See also *Murphy v. State*, 286 Ga. App. at 449.

Under Georgia law, "[a] person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity."[2] OCGA § 16-11-36 (a). Among the factors that an officer may consider in determining whether an alarm is warranted is whether the person takes flight when police arrive, refuses to identify himself, or tries to conceal himself or any object. OCGA § 16-11-36 (b). In addition, if circumstances allow, the officer should allow the person the opportunity to dispel any such alarm by asking that "the person identify himself and explain his presence and conduct." Id.

We find that under the totality of the circumstances here, Spata was justified in believing that Boyd had committed the offense of loitering. Boyd was leaning against a car talking to a man in a housing project where complaints of drug activity had initiated police patrols of the area. Boyd's companion attempted to conceal a package when he saw police and then attempted to flee the scene. Although Boyd did not flee, he moved away from the car across the street. He was not able to offer a credible explanation for his presence in the housing project, and did not provide a clear answer when the officer asked him about the ownership of the car. Boyd's explanation that he was waiting for a ride raised questions in the officer's mind when compared with Boyd's prior behavior of leaning on the car across the street. The officer felt it would be unusual for someone to lean on someone else's car in that manner. Accordingly, we find that probable cause existed for Boyd's arrest and the trial court properly denied his motion to suppress. See *In the Interest of R. F.*, 279 Ga. App. 708, 711 (2) (632 SE2d 452) (2006); *Castellon v. State*, 200 Ga. App. 478, 480 (3) (408 SE2d 493) (1991); *Hansen v. State*, 168 Ga. App. 304, 306 (2) (308 SE2d 643) (1983).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 4, 2008.

*Michael E. Garner*, for appellant.

---

[2] We note that the concern for safety of persons addressed by this statute encompasses threats to individuals and to "peace and order" arising from the sale of illegal drugs. (Citation and punctuation omitted.) *Griffin v. State*, 223 Ga. App. 796, 797 (1) (479 SE2d 21) (1996).

*J. Gray Conger, District Attorney, Douglas L. Breault, Assistant District Attorney*, for appellee.