**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**April 30, 2020**

# In the Court of Appeals of Georgia

A20A0262. BOWLER v. THE STATE.

MCFADDEN, Chief Judge.

After a bench trial, Paul Bowler was convicted of possessing methamphetamine and drug related objects. He appeals, challenging the sufficiency of the evidence and the denial of his motion to suppress. Because a rational trier of fact could have found guilt beyond a reasonable doubt and the trial court did not abuse its discretion in denying the motion to suppress, we affirm.

1. *Facts and procedural posture.*

Viewed in favor of the judgment, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that on June 4, 2016, at approximately 10:00 p.m., a police officer on patrol saw a car parked outside a 24-hour convenience store near State Route 225 in Murray County. The car was not in

a marked parking space in front of the store and was instead parked on the side of the building where it could not be seen from inside the store. The officer went into the store and spoke with employees, who said that they did not know who was in the vehicle. The officer went back outside and found Bowler in the car. Bowler told the officer that he was tired and was going to rest for ten to fifteen minutes before driving to his home, which was located straight north on highway 225 in Murray County near the Tennessee border. The officer told Bowler to get home safely and then left the area.

Four hours later, at 2:00 a.m. on June 5th, the officer returned to the store and saw that the car was still parked in the same spot and that its windows were "fogged up." The officer approached the vehicle and spoke to Bowler, who was sweating profusely, breathing heavily, and acting nervously. At the officer's request, Bowler got out of the car and initially said that he was still there because his battery was dead, but then later told the officer that he was still there because he had gotten into an argument with his girlfriend and was "just blowing off some steam." Bowler told the officer that he lived in the town of Dawnville and then also said that he lived in the town of Eton; but the officer testified that those towns are located in different counties and are not close to each other. When the officer asked again where he lived,

2

Bowler said he lived in Dawnville. The officer arrested Bowler for loitering, impounded his vehicle, conducted an inventory search of the car, and found a plastic baggy and a syringe filled with a substance that field-tested positive for methamphetamine.

Bowler was charged by accusation with possession of methamphetamine and possession of drug related objects. He filed a motion to suppress the seized evidence. After a hearing, the trial court denied the motion, finding that the officer had probable cause to arrest Bowler and that the impoundment and inventory search of the vehicle was authorized. Bowler waived his right to a jury trial and requested a bench trial. The trial court conducted a stipulated bench trial based on the evidence presented at the motion to suppress hearing and the state crime laboratory test results. The trial court found Bowler guilty of possessing methamphetamine and drug related objects. The court imposed a three-year sentence for the methamphetamine charge and a concurrent twelve-month sentence for the drug related objects offense, with three months to be served in jail and the remainder on probation. After Bowler's motion for a new trial was denied, this appeal followed.

2. *Sufficiency of the evidence.*

"In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt." *Anderson v. State*, 352 Ga. App. 275, 277 (1) (834 SE2d 369) (2019) (citation and punctuation omitted). The evidence recounted above authorized the trial court to find Bowler guilty of the charged offenses beyond a reasonable doubt. See id. at 278 (1) (b) & (c) (sufficient evidence authorizing convictions of possession of methamphetamine and drug related object where methamphetamine discovered in a syringe).

3. *Motion to suppress.*

"In considering an appeal from a denial of a motion to suppress, this [c]ourt construes the evidence in favor of the trial court's ruling, and we . . . will not reverse the trial court's order on a motion to suppress unless it represents an abuse of discretion." *Boyd v. State*, 290 Ga. App. 34 (658 SE2d 782) (2008) (citations and punctuation omitted). Here, the trial court did not abuse its discretion in denying the motion to suppress.

(a) *Pat-down.*

4

Prior to the arrest, the officer conducted a pat-down search of Bowler, during which he discovered women's underwear in Bowler's pants pocket. Bowler contends that the pat-down was not proper under *Terry v. Ohio*, 392 U. S. 1 (88 SCt. 1868, 20 LE2d 889) (1968), and that the evidence found during the pat-down should not be considered in determining whether probable cause existed. The state concedes that there was no basis for the pat-down, but asserts that even without the evidence obtained by the pat-down, the officer still had probable cause to arrest Bowler for loitering. Given the state's concession, we will not consider the evidence obtained during the pat-down in evaluating the existence of probable cause.

(b) *Probable cause to arrest.*

The United States Supreme Court repeatedly has explained that probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. Because probable cause deals with probabilities and depends on the totality of the circumstances, it is a fluid concept that is not readily, or even usefully, reduced to a neat set of legal rules. It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause is not a high bar.

*Westbrook v. State*, ___ Ga. ___ (2) (Case No. S19A1120, decided February 28, 2020) (citations and punctuation omitted).

As outlined above, the events leading up to the arrest for loitering were that the officer first observed that Bowler's car was not in a proper parking space, but was parked on the side of the building where it could not be seen from inside the store; that Bowler initially told the officer he would only be there for approximately fifteen minutes and would then leave for his home near the Tennessee border; that four hours later, at two o'clock in the morning, the officer saw that the vehicle was still there and had fogged up windows, which was suspicious to the officer since it was June; that Bowler was sweating profusely, breathing heavily, and acting nervously when the officer approached the car; that Bowler changed his earlier story about needing to rest and offered different claims as to why he was there, first claiming that his battery was dead and then claiming that he had argued with his girlfriend; and that Bowler also gave conflicting information about where he lived.

"A person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." OCGA § 16-11-36 (a).

> Unless flight by the person or other circumstances make it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this Code section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself and explain his presence and conduct.

OCGA § 16-11-36 (b).

Here, prior to the arrest, the officer gave Bowler the opportunity to explain his presence and conduct. Given the inconsistencies in Bowler's explanations and "under the totality of the circumstances [known to the officer, we find that the officer] was justified in believing that [Bowler] had committed the offense of loitering. . . . Accordingly, we find that probable cause existed for [Bowler's] arrest and the trial court properly denied his motion to suppress." *Boyd v. State*, 290 Ga. App. 34, 36 (658 SE2d 782) (2008) (punctuation omitted). See *Evans v. State*, 216 Ga. App. 21, 23-24 (2) (453 SE2d 100) (1995) (probable cause to arrest for loitering where, among other things, occupants of car were driving around parking lot for 45 minutes without entering a store and made misleading claims to officer). See also *In the Interest of R. F.*, 279 Ga. App. 708, 711 (2) (a) (632 SE2d 452) (2006) (sufficient evidence to find loitering beyond a reasonable doubt where officer encountered juveniles standing

near two vehicles on the side of a road at 1:30 a.m., they could not explain their presence in the area, and they gave conflicting stories).

(c) *Inventory search.*

Bowler contends that the inventory search of his vehicle was improper. We disagree.

> Justification of an inventory search is premised upon the validity of the impoundment of the vehicle. Impoundment of a vehicle is valid only if there is some necessity for the police to take charge of the property. In each instance, the ultimate test for the validity of the police's conduct is whether, under the circumstances then confronting the police, their conduct was reasonable within the meaning of the Fourth Amendment. The test is whether the impoundment was reasonably necessary under the circumstances, not whether it was absolutely necessary.

*Beville v. State*, 322 Ga. App. 673, 677 (3) (b) (745 SE2d 858) (2013) (citations and punctuation omitted).

Here, Bowler was the sole occupant of the vehicle, which was parked improperly on the side of the store during early morning hours. According to the officer's testimony, there was no one to release the car to, so it was necessary to impound it and conduct an inventory search in order to protect the police department from any liability. Under these circumstances, the officer's conduct was reasonable since "no one remained to take custody of the vehicle and remove it from the side of

8

the [building]. Because the officer had legitimate grounds for an inventory search, the evidence seized during the search was properly admitted, and the trial court did not err by denying [the] motion to suppress on this ground." Id. at 677-678 (3) (b).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*